# TONG CHONG CHAN *v.* THE NEW ZEALAND INSUR-ANCE CO.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 27, 1901.          DECIDED JULY 22, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A condition in a policy of insurance that no action shall be brought in case of loss unless within six months after the loss, is valid and binding on the insured.

The plaintiff in an action of assumpsit upon a contract of insurance alleged, as an excuse for not bringing the action within the time limited in the policy, "that on several occasions and within six months after the destruction of said stock of goods, wares and merchandise, and since such time, the plaintiff has demanded payment of said policy from the defendant but the defendant through its said agent, refused at all times to pay the same assigning as a reason therefor, that the Government of Hawaii, or some other Governmental Authority would pay for such loss, and that the defendant was not liable therefor." Held, on demurrer, that this was not a sufficient excuse,—that the facts stated do not disclose any waiver by the insurer of the right to rely on the clause of limitation as a defense or estop the defendant from presenting such defense.

## OPINION OF THE COURT BY PERRY, J.

The plaintiff on January 11, 1901, in the Circuit Court of the First Circuit brought against the defendant an action of assumpsit for five hundred dollars on a policy of insurance issued by defendant in favor of plaintiff. The property insured was

destroyed by fire on January 20, 1900. A copy of the policy was attached to and made a part of the declaration. Clause 19 of the policy reads as follows: "It is furthermore hereby expressly provided, that no suit or action of any kind against the said Company for the recovery of any claim upon, under, or by virtue of this policy, shall be sustainable, in any court of law or equity unless such suit or action shall be commenced within the term of six months next after any loss or damage shall occur; and in case any such suit or action shall be commenced against the said Company after the expiration of six months next after such loss or damage shall have occurred the lapse of time shall be taken and deemed as conclusive evidence against the validity of the claim thereby so attempted to be enforced."

The defendant in the court below demurred to the declaration, alleging three grounds, to wit: "(1) That said complaint does not set forth sufficient facts to constitute a cause of action against said defendant; (2) that it appears in and by said complaint that said action was not commenced within the term of six months next after the alleged loss or damage occurred; (3) that it appears in and by said complaint that the claim herein attempted to be enforced against defendant is invalid." The demurrer was sustained and the action dismissed, whereupon these proceedings were instituted. The ruling of the Circuit Court sustaining the demurrer is the only error alleged.

The main question presented is whether the limitation by the parties to the contract of insurance of the time within which action may be brought thereon to a period shorter than that prescribed by the statute of limitations, is valid or void as being against public policy. We are of the opinion that the limitation is valid. While the courts of a few States have held to the contrary, the great weight of authority is in support of this view. See May on Ins., Sec. 478; 4 Joyce on Ins., Sec. 3181; 13 Am. & Eng. Ency. Law, 2nd Ed., 385, 386; *Riddlesbarger v. Hartford Ins. Co.*, 7 Wall. 386; *Vette v. Ins. Co.*, 30 Fed. 668; *Woodbury Savings Bank v. Ins. Co.*, 31 Conn. 517; *Melson*

*v. Ins. Co.*, 25 S. E. (Ga.) 189; *Ins. Co. v. Whitehill*, 25 Ill. 466; *Amesbury v. Ins. Co.*, 6 Gray 596; *Fullam v. Ins. Co.*, 7 Gray 61; *Law v. Accident Association*, 94 Mich. 266; *Glass v. Walker*, 66 Mo. 32; *Patrick v. Ins. Co.*, 43 N. H. 621; *Tasker v. Ins. Co.*, 58 N. H. 469; *Ins. Co. v. Phoenix Oil & Candle Co.*, 31 Pa. St. 449; *Brown v. Ins. Co.*, 5 R. I. 394; *Suggs v. Ins. Co.*, 71 Tex. 579; *Wilson v. Ins. Co.*, 27 Vt. 99; and *Killips v. Ins. Co.*, 28 Wis. 472, 482. We know of no reason founded on public policy for declaring such a limitation void; on the contrary the weight of reason also is clearly in favor of sustaining such a stipulation. "There is no principle of common law forbidding such a condition. Originally there was no limitation to actions. The first statute of limitations, which has been substantially followed, provided that suits in certain cases should be brought within six years, and not afterwards. But there is nothing in the act which forbids a limitation short of this period, by agreement of parties. It only prohibits the suit after six years. There can be no doubt that, prior to the statute, it would have been competent for the parties, by a clause in their contract, to limit the time within which suit might be brought. There is nothing in the act, necessarily or by fair construction, taking away the right. And the adoption of such a condition is based upon grounds of prudence and policy which must challenge the general approval."—May on Ins., Sec. 478. "Under the light of these principles, it is difficult to discover any objection to parties limiting the time within which the intervention of the law may be demanded. Such a contract is forbidden by no law, and is in conflict with none. It accords with the legal maxim *vigilantibus non dormientibus*, &c., and with the principle of statutes of limitation; while it limits the time according to the character of the special case, as the parties understand it and wish it understood. Statutes of limitation prohibit not the limitation of actions, but the indefinite postponement of them. The law expresses its willingness to decide controversies, if applied to in a given time; but it does not prohibit parties from limiting themselves, in their con-

tracts, to less time. It was always law, that parties might con-
tract to renounce privileges allowed them by law; and such
renunciation is binding on them."—*Ins. Co. v. The Phoenix
Oil & Candle Co., supra.*

The period of six months provided for in the contract is not
unreasonably short. It affords sufficient time within which the
assured may either secure an adjustment of the amount of the
loss and payment thereof or institute legal proceedings. See
cases cited *supra.*

For the plaintiff it is contended that the condition contained
in clause 19 is without consideration and therefore void. In
this we cannot acquiesce. The promise of the defendant set
forth in the policy was based upon a valuable consideration, to
wit, the payment of the premium; but that promise was not
to pay at all events upon the loss of the property by fire, but
only to pay under certain circumstances. The condition in
question is one of the terms of the promise—a part thereof.
It is specifically made such by the language of the policy itself.
Plaintiff accepted the promise as made and is bound by the
condition, even though he did not sign the policy.

It is further contended that even though the limitation is
valid, the present action may be maintained because the defend-
ant waived the condition and by its conduct estopped itself from
relying upon it as a defense. The argument is that the de-
fendant induced the plaintiff to delay in bringing the action
until after the six months had elapsed by holding out to him
the hope that his claim would be paid. The only allegation
on this subject contained in the declaration is as follows: "that
on several occasions and within six months after the destruction
of said stock of goods, wares and merchandise, and since such
time, the plaintiff has demanded payment of said policy from
the defendant but the defendant through its said agent, refused
at all times to pay the same assigning as a reason therefor that
the Government of Hawaii or some other governmental author-
ity would pay for such loss and that the defendant was not
liable therefor." Neither the theory of estoppel nor that of

waiver can find any support in this the plaintiff's own statement of the facts. The defendant did not in any way mislead the plaintiff into believing either that it, the defendant, would pay the claim if plaintiff should delay in instituting legal proceedings or that it would not rely on the provisions of clause 19. On the contrary, it "at all times" denied liability and refused to pay, thus giving the plaintiff ample notice that his only possible remedy against the defendant would be by compulsory proceedings at law.

Judgment affirmed.

*J. T. De Bolt* for plaintiff.

*Robertson & Wilder* for defendant.

