JON DOHERTY, Plaintiff-Appellant, *v*. THE HARTFORD INSURANCE GROUP, a Connecticut corporation, Defendant-Appellee

NO. 6135

FEBRUARY 1, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY RICHARDSON, C.J.

Plaintiff-appellant, Jon Doherty, appeals from an order granting a motion to dismiss his suit to recover on a marine insurance policy from defendant-appellee, Hartford Insurance Group.

We affirm.

On August 16, 1973, plaintiff Doherty's sailboat, the "No Hu Hu," was dismasted while sailing in the Moloka'i

Channel.[1] Plaintiff's insurer, Hartford Insurance Group, doing business in Hawaii through Pacific Insurance Company, denied coverage under plaintiff's yacht insurance policy on the basis that the sailboat had defective "swages"[2] at the time of the accident and was therefore unseaworthy. Reed Tagawa, claims supervisor for Pacific Insurance, sent Mr. Doherty a letter of denial dated September 18, 1973. For reasons not appearing in the record, plaintiff did not receive that letter and on March 1, 1974, Mr. Tagawa sent him another letter with a copy of the original denial letter enclosed.

In late May, 1974, Mr. Doherty hired David Bettencourt, a Honolulu attorney, to represent him in a federal admiralty suit brought by Ala Wai Marine, Ltd. for the costs of repairs to the "No Hu Hu" arising out of the accident. Mr. Bettencourt spoke with Mr. Tagawa on June 6, 1974 and indicated that Pacific Insurance Company would be brought in as a third-party defendant in the admiralty action should it fail to provide coverage under the policy. The next day, Bettencourt wrote to Tagawa confirming their conversation and informed him that Ala Wai Marine, Ltd. had expressed the opinion that the "No Hu Hu" was seaworthy at the time of the accident.

Mr. Tagawa contacted Mr. Bettencourt and told him that a marine surveyor had inspected the swages and shroud of the boat and had determined that the boat was unseaworthy. Bettencourt arranged to pick up the parts of the boat in Tagawa's possession and send them to a laboratory on the mainland for metallurgic testing. Subsequently a dispute arose as to whether all parts of the boat had been turned over to Bettencourt. Bettencourt wrote Tagawa two letters, one dated June 27, 1974, and one dated July 22, 1974, requesting the missing parts. On August 19, 1974, Mr. Tagawa responded and denied retaining any parts of the boat. He also reaffirmed the decision to deny coverage.

---

[1] Although popularly called Moloka'i Channel, the correct name for the channel between the islands of Oahu and Moloka'i is Kaiwi Channel.

[2] Although not defined by either party, apparently swages are stainless steel terminals on the lines which connect the mast to the side of the boat.

Mr. Doherty filed suit to recover under the policy on August 18, 1975.[3] Hartford Insurance Group moved to dismiss the suit based on a provision in plaintiff's insurance policy which read, in part

No suit, action or proceeding on this policy for the recovery of any claim shall be sustainable in any court of law, admiralty or equity unless the insured has fully complied with all terms of this policy, and unless commenced within twelve (12) months next after the occurrence of the loss. . . .

The "No Hu Hu" was dismasted on August 16, 1973 and suit was filed two years and two days later. Plaintiff sought to amend his complaint and argued that defendant was estopped from raising the time limitation in the policy as a defense since its agent's failure to respond to Mr. Bettencourt's request contributed to the delay in filing suit. Plaintiff maintained in the lower court, and continues to argue on appeal, that portions of the boat are missing and that these portions were last in possession of the insurance company. After a hearing, the circuit court granted defendant's motion to dismiss and this appeal followed.[4]

Initially, we note that HRS § 431-426(a) (3) (1976 Repl.) provides that in a marine insurance policy, the limitation for filing suit shall not be for a period *less* than one year from the date of loss. Thus, there is no question that the time limitation for filing suit contained in the insurance policy is enforceable in this jurisdiction.

Turning to the issue of whether Hartford Insurance Group should be estopped from raising the time limitation in the insurance policy as a defense, we find nothing in this record to show the existence of a genuine issue with respect to whether plaintiff detrimentally relied on any representation or conduct of the defendant. Hartford Insurance Group has

---

[3] It appears that during the year prior to filing this suit, plaintiff appealed to the Insurance Commissioner claiming fraudulent acts by Pacific Insurance Company. However, the exact basis and outcome of the appeal are not shown in the record.

[4] The motion to dismiss was obviously treated by the trial court as a motion for summary judgment, pursuant to Rule 12(b), H.R.Civ.P. We do the same.

consistently denied coverage under the marine insurance policy. An early case in this jurisdiction, *Tong Chong Chan v. New Zealand Insurance Company*, 13 Haw. 483 (1901), considered a similar estoppel argument. In *Chan*, plaintiff brought an action to recover on an insurance policy which contained a condition that no action could be brought under the policy unless commenced within six months after the claimed loss. Plaintiff's suit was filed after the time limitation had expired, and among his contentions was that the insurance company was estopped from claiming the time limitation as a defense. The insurance company had denied liability and told plaintiff that the circumstances of the loss were such that the Government of Hawaii or other governmental authority should be liable. This court concluded that since the insurance company had continually denied liability and refused to pay, the plaintiff had been given sufficient notice that his only recourse was to bring suit. Similarly, here we find no indication that Hartford lulled plaintiff into believing that his claim would be paid, nor did it make any representations that could have reasonably lead plaintiff to that conclusion.

Contrary to plaintiff's assertions, there is nothing to show that plaintiff and defendant were negotiating when the time limitation for filing suit expired. It is true that there was a dispute as to the missing parts of the sailboat but that could hardly be deemed "negotiation" leading plaintiff to reasonably believe that the insurance company would not rely on the time limitation in the policy. One invoking equitable estoppel must show that he or she has detrimentally relied on the representation or conduct of the person sought to be estopped, *and* that such reliance was reasonable. *De Freitas v. Trustees of the Campbell Estate*, 46 Haw. 425, 434, 380 P.2d 762 (1963). *See Kaui v. Kauai County*, 47 Haw. 271, 278, 386 P.2d 880 (1963).

Finally, plaintiff claims that defendant's alleged failure to turn over all parts of the sailboat for metallurgic testing prevented him from filing suit and that Tagawa's late response to Bettencourt's letters was an obvious act of bad faith. This argument too must fail since plaintiff could have

filed suit and compelled discovery of the missing parts. Similarly, there was no reason for plaintiff or his attorney to assume that Tagawa's failure to reply would somehow toll the running of the limitation.

Thus, plaintiff's estoppel theory fails on two crucial points; there was no misleading conduct or representation by defendant and there was no reasonable reliance thereon. *See Mauian Hotel v. Maui Pineapple Company*, 52 Haw. 563 (1971), 481 P.2d 310 (1971).

Affirmed.

*David Bettencourt (Brown & Bettencourt* of counsel) for Plaintiff-Appellant.

*Roy F.Hughes (Ronald T. Y. Moon* on the brief; *Libkuman, Ventura, Moon & Ayabe* of counsel) for Defendant-Appellee.