538 So.2d 1288 (1989)
QUAIL CREEK PROPERTY OWNERS ASSOCIATION, INC., a Florida Nonprofit Corporation; Westok International Corporation, a Florida for-Profit Corporation; Rsh of Naples, Inc., a Florida for-Profit Corporation; Silver Sands of Indian River, Inc., a Florida for-Profit Corporation; and Quail Creek Developments Corporation, Inc., Appellants,
v.
William L. HUNTER and Martha M. Hunter, Appellees.
No. 87-3638.
District Court of Appeal of Florida, Second District.
February 3, 1989.
George Vega, Jr. and Lawrence D. Martin of Vega, Brown, Stanley & Martin, P.A., Naples, for appellants.
Dennis R. White and Donald K. Ross, Jr. of Dennis R. White, P.A., Naples, for appellees.
Per Curiam.
Appellants, defendants below, appeal a partial summary final judgment which declared a provision of the Declaration of Protective Covenants relating to the Quail Creek Subdivision violative of the First and Fourteenth Amendments of the United States Constitution and article I, section 4 of the Constitution of the State of Florida. We reverse.
*1289 Quail Creek Subdivision is a privately developed subdivision of upper class homes and appellees are property owners in that subdivision. Appellees became subject to the covenants contained in the Declaration of Protective Covenants and Amendments thereto when they purchased their property in the Quail Creek Subdivision. Appellees are now trying to sell that property. Appellees sought injunctive and declaratory relief from the enforcement of that portion of the protective covenant which prohibited the display of any signs by lot owners on their lots in the subdivision except for signs identifying the owners' name and address. The particular provision in question provides as follows:
13. SIGNS. No signs, freestanding or otherwise installed, shall be erected or displayed on any lot or structure by an owner, except one sign, not more than two feet square in area containing the owner's name and address. This prohibition shall not apply to model homes or homes under construction, however signage for model homes or homes under construction shall conform [to] the following guidelines:
(a) A model home means a home furnished and staffed for display during normal business hours. Model homes may erect one sign limited to "Furnished Model by" and "Name of Builder."
(b) A home under construction may erect one sign limited to "Name of Builder" and/or "Name of Owner."
No signs shall be more than two feet square in area and any and all deviations from the above signage guidelines must be approved in writing by the Association.
The record is devoid of any discovery below. There were no facts established by affidavits, admissions, depositions or interrogatories. Appellees alleged that they were arbitrarily and unreasonably restricted in the exercise of their first amendment rights because the covenant at issue prohibits them from putting a "For Sale" sign on their property. Because of the lack of any discovery below, almost all material facts are in dispute. Appellees have not established that they ever attempted to display a "For Sale" sign, nor that appellants prevented them from doing so. Nevertheless, the trial court held that the protective covenant on its face was unconstitutional because it impaired the flow of truthful and legitimate commercial information and thereby violated appellees' right to free speech.
The issue raised by appellants, which controls our disposition of this appeal, is whether there is sufficient "state action" involved in any possible enforcement of the covenants so as to be facially violative of the First and Fourteenth Amendments to the United States Constitution and article I, sections 2 and 4 of the Constitution of the State of Florida.
We rely on Schreiner v. McKenzie Tank Lines & Risk Management Services, Inc., 408 So.2d 711 (Fla. 1st DCA 1982), aff'd, 432 So.2d 567 (Fla. 1983), and very simply hold that neither the recording of the protective covenant in the public records, nor the possible enforcement of the covenant in the courts of the state, constitutes sufficient "state action" to render the parties' purely private contracts relating to the ownership of real property unconstitutional. Having reached that conclusion, we are not required to address the issue raised by appellant as to whether, if "state action" existed, the covenant constitutes an abridgment of appellees' first amendment rights to commercial free speech. Neither do we reach the issue of whether summary judgment was proper absent the resolution of disputed issues of material fact. We are not presented with the question, nor was the trial court, of whether the application and enforcement of the covenant was accomplished in such a manner as to constitute redressable discrimination.
Reversed and remanded for any further necessary proceedings consistent with this opinion.
CAMPBELL, C.J., and SCHEB and THREADGILL, JJ., concur.