**April Jean HO, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., et al., Defendants.**

Civil No. 95–00292 DAE.

United States District Court,
D. Hawai'i.

May 20, 1996.

Jacob M. Merrill, Dillingham Transportation Building, Honolulu, HI, William Harrison Elkner, Law Offices of William H. Elkner, Honolulu, HI, for plaintiff.

Lennes N. Omuro, Goodsill Anderson Quinn & Stifel, Honolulu, HI, for defendants.

## ORDER GRANTING STATE FARM'S MOTION TO DISMISS AND DENYING PLAINTIFF'S COUNTER MOTION FOR PARTIAL SUMMARY JUDGMENT

DAVID ALAN EZRA, District Judge.

The court heard Plaintiff's and Defendant State Farm's Motion on April 22, 1996. William Elkner, Esq., and Jacob M. Merrill, Esq., appeared on behalf of Plaintiff; Lennis N. Omuro, Esq., appeared on behalf of Defendant State Farm Mutual Automobile Insurance Co. ("State Farm"). After reviewing the motion and the supporting and opposing memoranda, the court GRANTS State Farm's Motion to Dismiss, and DENIES Plaintiff's Counter Motion for Partial Summary Judgment.

## BACKGROUND

On May 28, 1994, while stopped at a traffic light, Plaintiff was rear-ended. This case arises from the alleged injuries Plaintiff sustained from that accident and the ensuing no-fault claims she made to State Farm Mutual Automobile Insurance Company ("State Farm").

The day after the accident, May 29, 1994, Plaintiff went to the emergency room complaining of lower back pains and of some numbness and tingling. *See* Plaintiff's Concise Statement of Facts, Exh. G. And on June 2, 1995, Patient consulted a chiropractor, Dr. Gina M. Whest ("Whest") of Scientific Chiropractic Clinic, for treatment. *Id.* State Farm appears to have paid the emergency room bills and the June 2, 1994 Scientific Chiropractor bill in an amount reduced to conform with the Workers' Compensation Fee Schedule.

In mid-September 1994, at State Farm's request, Comprehensive Medical Review ("CMR") performed a biomechanical analysis and medical analysis of the incident and of Plaintiff's alleged injuries. CMR concluded in the reports that the accident was extremely minor and incapable of causing serious bodily injury. Based on the results of these Medical and Biomechanical Analysis Reports, State Farm denied Plaintiff payment of benefits by letters dated September 23, 1994 and October 13, 1994. In particular, State Farm refused to pay Pacific Rehab & Sports Medicine bills for service dates September 7, 1994 through December 12, 1994, Scientific Chiropractic Clinic bills for service dates August 5, 1994 through September 6, 1994 and Aloha State Diagnostic bill for service date September 22, 1994. The denial letters stated that, among other things, the claimed benefits were not appropriate, reasonable, necessary, or causally-related to the accident.

Subsequently, Whest submitted a chiropractic treatment plan dated September 8, 1994, for treatments from September 22, 1994 through January 22, 1995. Within five working days from the postmarked date of this treatment plan, State Farm submitted the plan to peer review. Among other things, State Farm challenged whether continued chiropractic treatment was reasonable, appropriate, and necessary.

The Peer Review Report dated November 1, 1994, concluded that the September 8, 1994 treatment plan was not reasonable or appropriate. Correspondingly, State Farm informed Plaintiff via letter on December 16, 1994 that it denied the requested treatment plan on the basis of the Peer Review Report and that the Peer Review Report provided additional grounds for the denial of the earlier applications for benefits described above.

Plaintiff then requested a reconsideration of the Peer Review Report.[1] The peer reviewer subsequently reconsidered the matter and, contrary to his earlier opinion, determined that the care prescribed by the September 8, 1994 chiropractic treatment plan was reasonable and appropriate. However, the Reconsideration Report dated January 16, 1995, further concluded that "at the termination of this treatment plan, I would strongly consider this patient to be maximally improved."

Pursuant to the recommendations in the Reconsideration Report, State Farm paid all bills for the services outlined in the treatment plan, rendered from September 22, 1994 through January 20, 1995. State Farm did, however, reduce the November 22, 1994 bill from Scientific Chiropractic Clinic allegedly in compliance with the workers' compensation fee schedule.

State Farm indicates that it received yet another no-fault treatment plan from Scientific Chiropractic Clinic dated January 10, 1995 for treatments from January 24, 1995 to April 18, 1995.[2] State Farm denied this treatment plan five days later on January 16, 1995 which State Farm maintains is consistent with recommendation in the January 16, 1995 Reconsideration Report.

### STANDARD OF REVIEW

#### I. Motion to Dismiss

■ A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). For the purposes of a 12(b)(6) motion, "[r]eview is limited to the contents of the complaint." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 755 (9th Cir.1994).

■ A complaint should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Buckey v. County of Los Angeles,* 968 F.2d 791, 794 (9th Cir.1992) (quoting *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir.1989)) (further citations omitted). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Id.* Civil rights complaints are to be liberally construed. *Id.* (citing *Gobel v. Maricopa County,* 867 F.2d 1201, 1203 (9th Cir.1989)).

To the extent, however, that "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed.R.Civ.P. 12(b); *Del Monte Dunes at Monterey, Ltd. v. Monterey,* 920 F.2d 1496, 1507 (9th Cir.1990).

#### II. Summary Judgment

■ Rule 56(c) provides that summary judgment shall be entered when:

[T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). The moving party has the initial burden of demonstrating for the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). However, the moving party need not produce evidence negating the existence of an element for which the opposing party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552.

---

1. The court makes special note that Plaintiff submitted the Peer Review Report for reconsideration, and the Reconsideration Report was received by State Farm *after* Plaintiff filed her Amended Complaint on November 15, 1994.

2. Again the court notes for the record that this treatment plan was submitted and denied after the Amended Complaint was filed in this case.

██ Once the movant has met its burden, the opposing party has the affirmative burden of coming forward with specific facts evidencing a need for trial. Fed.R.Civ.P. 56(e). The opposing party cannot stand on its pleadings, nor simply assert that it will be able to discredit the movant's evidence at trial. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987); Fed.R.Civ.P. 56(e). There is no genuine issue of fact "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986) (citation omitted).

## DISCUSSION

### I. STATE FARM'S MOTION

First, as a matter of housekeeping, the court notes for the record that some of the events referenced in the motions occurred after the Amended Complaint was filed, raising a question about the integrity of the Amended Complaint. Even though the Amended Complaint has not been withdrawn or voluntarily amended to reflect recent events, the court will address the motions below as presented for adjudication (including references to post-filing-date events).

### A. *Breach of Contract Claims*

██ State Farm argues that Plaintiff's claims for breach of contract (Count III) and tortious breach of contract (Count IV) must be dismissed because Plaintiff cannot point to any specific provision of the contract that was breached. State Farm relies on *Au v. Au,* 63 Haw. 210, 221, 626 P.2d 173 *recon. denied,* 63 Haw. 263 (1981) and *Hataishi v. State Farm Mutual Automobile Insur. Co.,* Civil No. 95–00732 HG, 1995 WL 867880, to support its claim that dismissal is appropriate when Plaintiff's complaint fails to enumerate a specific breach of the insurance contract.

Plaintiff asserts that she is: (a) entitled to treatment which is reasonable, necessary, and appropriate; and (b) State Farm has refused to pay some of her claims. *See* Plaintiff's Opposition, at 6.

Hawaii Rules of Civil Procedure, Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief …" This requirement is to provide defendant with fair notice that a claim has been lodged, and the grounds upon which that claim rests. *Au,* 63 Haw. at 221, 626 P.2d 173 (citing *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957) and *Hall v. Kim,* 53 Haw. 215, 491 P.2d 541 (1971)).

██ As a general rule, pleadings should be construed liberally and not technically. *Island Holidays, Inc. v. Fitzgerald,* 58 Haw. 552, 574 P.2d 884 (1978). In breach of contract actions, however, the complaint must, at minimum, cite the contractual provision allegedly violated. Generalized allegations of a contractual breach are not sufficient. In a recent insurance case before this court, it was held that the complaint must specify what provisions of the contract have been breached to state a viable claim for relief under contract law. *See* December 12, 1995 Order Granting Defendant's Motion to Dismiss ("Hataishi Order"), *Hataishi,* Civ. No. 95–00732 HG, at 5, 1995 WL 867880 (complaint dismissed for failure to charge specific breach of contractual agreement); *Au,* 63 Haw. at 221, 626 P.2d 173.

In *Hataishi,* the insured argued that the insurance company breached the contract by failing to perform in a timely fashion. Hataishi Order, at 5. The court held that the insured's failure to point to a specific contractual provision requiring timely performance was fatal; the court thereby dismissed the insured's contract actions. *Id.*

The Hataishi court relied on *Au,* where the Hawaii Supreme Court upheld summary judgment on a breach of contract claim because the complaint failed to "specify what provisions of the agreement of sale were breached." *Au,* 63 Haw. at 221, 626 P.2d 173. The court held that this defect was fatal because the insured failed to give "fair notice of what the claim [was] or the ground upon which it rest[ed]." *Id.*

Here, the Amended Complaint alleges that Defendant's failure to pay benefits claimed after September 23, 1994 constitutes a

breach of contract. *See* Amended Complaint, at ¶¶ 23, 36. The Amended Complaint does not indicate what provision(s) of the contract are violated by State Farm's failure to pay. Nor does the Amended Complaint specifically state which denial of benefits it is contesting as unjust.[3] Instead Plaintiff makes general accusations that Defendant's alleged conduct constitutes a breach of contract. The court finds that the Amended Complaint fails to give State Farm fair notice of the contractual claims Plaintiff advances. *Au,* 63 Haw. at 221, 626 P.2d 173. Thus, following the holdings in *Au* and *Hataishi,* the court DISMISSES Plaintiff's breach of contract claims in Counts III and IV of the Amended Complaint for insufficient pleading.

## B. *Equitable Estoppel*

■■■ Count II of the Amended Complaint alleges equitable estoppel. State Farm contends that this claim must fail because Plaintiff's equitable estoppel claim is dependent on the alleged breach of contractual duties dismissed above and furthermore, it does not meet the elements for recovery.

■■■ Equitable estoppel requires proof that one person willfully caused another to erroneously believe a certain state of things, and that person reasonably relied on this erroneous belief to his or her detriment. *Maria v. Freitas,* 73 Haw. 266, 273, 832 P.2d 259 (1992) (citing *Aehegma v. Aehegma,* 8 Haw.App. 215, 223, 797 P.2d 74 (1990)). A party invoking equitable estoppel must show detrimental reliance and that such reliance was reasonable. *Strouss v. Simmons,* 66 Haw. 32, 43, 657 P.2d 1004 (1982) (citing *Doherty v. Hartford Insur. Group,* 58 Haw. 570, 574 P.2d 132 (1978)).

In the Amended Complaint, Plaintiff sets forth her estoppel claim as follows:

32. Each and every DEFENDANT, knew or should have known, that PLAINTIFF was relaying [sic] on her no-fault policy to pay for the medical benefits for injuries which were sustained in the automobile accident of May 28, 1994.

33. DEFENDANT, STATE FARM, did not advise PLAINTIFF that it was having her treatment questioned by strangers to the insurance contract for the purpose of determining if benefits would be paid by DEFENDANT on behalf of PLAINTIFF.

34. DEFENDANT, State Farm, is equitably estopped from retroactively denying no-fault benefits.

Amended Complaint, at ¶¶ 32–34 (emphasis in the original).

It is clear that the Amended Complaint in this case does not allege the elements necessary for equitable estoppel. Here Plaintiff fails to show that State Farm willfully caused her to believe that they would pay *all* medical expenses, regardless of necessity or causal-relation to the underlying accident. Moreover, from the face of the complaint, Plaintiff does not appear to have been injured by State Farm's refusal to pay because under the no-fault laws, Plaintiff is not liable for paying the care providers, *see* Haw.Rev.Stat. § 431:10C–308.6(j); thus, even if reliance is shown, the court finds that, as a matter of law, Plaintiff cannot establish *detrimental* reliance. Accordingly, the court DISMISSES the equitable estoppel claim alleged in Count II of the Amended Complaint.

## C. *Fraud*

■■■ State Farm also contends that the Amended Complaint fails to meet the heightened pleading requirement for fraud under Rule 9(b) of the Federal Rules of Civil Procedure.

---

**3.** Although the court did not rely on the biomedical analysis in resolving this motion, the court finds it interesting that Plaintiff has sought more than a year's worth of chiropractic treatment for injuries from an accident whose force was "comparable to the forces that normal people experience in the course of their typical daily activities." *See* Affidavit of Cheryl Yanabu, Exh. B, at 4. The Biomechanical Analysis Report, unchal-lenged by Plaintiff, concluded that "the mean inertia force that [Plaintiff] was subjected to in this accident was less than 3.5 g;" in comparison, that force is relatively minor when one considers the fact that "standing up suddenly from a sitting position produces 1.9 g, sneezing causes 2.9 g, and a crowd jostle has been shown to produce a head acceleration of 3.6 g." *Id.*

Plaintiff maintains that the Amended Complaint complies with Rule 9(b) insofar as it specifically alleges that State Farm was involved in a scheme to avoid indemnity payments and relied on fraudulent medical reports to deny Plaintiff's claims. *See* Amended Complaint, at ¶¶ 17–24. Plaintiff further argues that each and every denial of treatment by State Farm amounted to a fraudulent act. *Id.*, at ¶ 47.

Fed.R.Civ.P. 9(b) provides in pertinent part that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Ninth Circuit has interpreted this as a heightened pleading requirement, requiring the pleader to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation. *Miscellaneous Serv. Workers, Drivers, & Helpers v. Philco–Ford Corp.*, 661 F.2d 776, 782 (9th Cir.1981). Rule 9(b) ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong. *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Additionally, "[t]he requirements of Rule 9(b) are designed to prohibit a plaintiff from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Id.*

In this case, as demonstrated below, Plaintiff fails to plead specific facts regarding fraud, in clear violation of Fed.R.Civ.P. 9(b). Count V of the Amended Complaint [4] reads:

45. The representations to promptly and equitably adjust and resolve claims for no-fault benefits set out above which were made by DEFENDANT, STATE FARM and/or DEFENDANTS John Does 1–10, Jane Does 1–10, Doe Partnerships 1–10, Doe Corporations 1–10, Roe Non–Profit Organizations 1–10, and Roe Governmental Entities 1–10 were willfully and/or wantonly and/or intentionally false and that DEFENDANTS made said representations intending to induce PLAINTIFFS to rely thereupon.

46. Each and every misrepresentation were material in that, had PLAINTIFF known otherwise she would not entered into a contract of no-fault insurance with DEFENDANT.

47. DEFENDANTS and each of them, have engaged in the aforesaid fraudulent acts and conduct knowingly, willfully, wantonly, oppressively, maliciously, in conscious disregard of PLAINTIFF's rights, and with the purpose and intent of attempting to injure PLAINTIFF, entitling PLAINTIFF's to punitive damages from DEFENDANTS in an amount sufficient to deter similar future acts against others and as a means of punishment.

Amended Complaint, at ¶¶ 45–47. Plaintiff's unsupported allegations of an alleged State Farm scheme "to avoid indemnity payments" and to "arbitrarily reduce payments on legitimate claims" are contrary to the fundamental purpose of Rule 9(b). "The requirements of Rule 9(b) are designed to prohibit a Plaintiff from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Semegen*, 780 F.2d at 731.

As the Amended Complaint does not allege the time, place, specific contents, or the identities of the parties to the misrepresentations, it clearly fails to satisfy Rule 9(b) in letter or in spirit. *See Philco–Ford*, 661 F.2d at 782. Consequently, the court GRANTS State Farm's Motion to Dismiss the allegations of fraud in Count V of the Amended Complaint.

## II. PLAINTIFF'S COUNTER MOTION FOR PARTIAL SUMMARY JUDGMENT

In her counter-motion for partial summary judgment, Plaintiff moves for payment of the following claims for failure to abide by Hawaii statutes: (a) chiropractic treatment by Scientific Chiropractic Clinic from August 5, 1994 through September 16, 1994; (b) chiropractic treatment by Scientific Chiropractic Clinic from February 15, 1995 through April 10, 1995; (c) chiropractic treatment by Scientific Chiropractic Clinic from May 8, 1995 through September 8, 1995; (d) Aloha State Diagnostic bill from September 1994; and (e)

---

**4.** The court notes that there are two Count Vs in the Amended Complaint. This order refers to

the second Count V (Fraud) which incorporates paragraphs 44–47 of the Amended Complaint.

Pacific Rehab and Sports Medicine bills from September 15, 1994 through December 17, 1994.

State Farm opposes the motion on two grounds. It claims that (1) Plaintiff is not entitled to coverage because her alleged injuries are not causally related to the May 28, 1994 automobile accident; and (2) State Farm properly and timely denied all of Plaintiff's bills for treatment.

Having dismissed the outstanding claims against State Farm in Plaintiff's Amended Complaint, the court finds no need to adjudicate Plaintiff's Motion for Partial Summary Judgment. On this basis, the court DE-NIES Plaintiff's Motion for Partial Summary Judgment.

## CONCLUSION

For the above reasons, the court GRANTS State Farm's Motion to Dismiss Count II, III, IV, and V (Fraud) of the Amended Complaint and DENIES Plaintiff's Counter Motion for Partial Summary Judgment.

IT IS SO ORDERED.