184 P.3d 817

**Emerson M.F. JOU, M.D.,**
**Provider–Appellant,**

v.

**J.P. SCHMIDT, Insurance Commissioner, Department of Commerce and Consumer Affairs, State of Hawai'i, Appellee–Appellee,**

and

**Island Insurance Company, Ltd.,**
**Respondent–Appellee.**

**No. 27370.**

Intermediate Court of Appeals of Hawai'i.

April 30, 2008.

Stephen M. Shaw, on the briefs, for Provider–Appellant.

Mark J. Bennett, Attorney General of Hawaiʻi, David A. Webber, Deborah Day Emerson, Deputy Attorneys General, on the briefs, for Appellee–Appellee.

Michael N. Tanoue, Honolulu, Patrick K. Kelly, (The Pacific Law Group), on the briefs, for Respondent–Appellee.

FOLEY, P.J., FUJISE, and LEONARD, JJ.

Opinion of the Court by LEONARD, J.

In this secondary appeal, Provider–Appellant Emerson M.F. Jou, M.D. (**Jou**) appeals from the Judgment filed in the Circuit Court of the First Circuit (**Circuit Court**) on May 23, 2005 (**Judgment**).[1] The Circuit Court ruled in favor of Insurance Commissioner J.P. Schmidt (**Commissioner Schmidt**), Department of Commerce and Consumer Affairs of the State of Hawaiʻi (**DCCA**), and Island Insurance Company, Ltd. (**Island**), affirming Commissioner Schmidt's Final Order Following Remand filed May 26, 2004. Jou filed a timely notice of appeal on June 21, 2005.

The dispositive issue in this case is whether the Circuit Court erred in refusing to apply the doctrine of equitable tolling to Jou's otherwise time-barred claim. We hold that the doctrine of equitable tolling cannot be applied to expand the two-year statute of limitations period in Hawaii Revised Statutes (**HRS**) § 431:10C–315 (1993) based *solely* on an issuer's failure to provide a formal notice of denial required pursuant to HRS § 431:10C–304(3) (1993) in conjunction with a reduced or partial payment.

## BACKGROUND

On July 23, 1995, Vuhn Jung Houang (**Houang**) suffered injuries in an automobile accident. Jou treated Houang and subsequently billed Island Insurance for treatment rendered on July 27, 1995, in the amount of $134.20. In response, Island "down-coded"[2] Jou's bill and made a reduced payment on March 4, 1996. It is undisputed that neither Jou nor Island took any further action on this matter until September 16, 1998, when Jou requested an administrative hearing before the insurance division of the DCCA.

In the agency proceedings, Jou claimed, *inter alia,* that Island failed to act on Jou's demands for payment within the thirty-day deadline mandated in HRS § 431:10C–304(3). Island argued, *inter alia,* that Jou's claim was barred by the statute of limitations pursuant to HRS § 431:10C–315(a). In response, Jou claimed, *inter alia,* that the statute of limitations was equitably tolled by Island's failure to issue a formal notice of denial pursuant to HRS § 431:10C–304(3).

At the conclusion of the agency proceedings, on May 26, 2004, Commissioner Schmidt entered a Final Order Following Remand, in favor of Island and against Jou, that adopted the hearings officer's findings of fact and conclusions of law including, *inter alia,* that: (1) Island was not required to issue a formal notice of denial pursuant to HRS § 431:10C–304(3) because the disputed claim did not involve a challenge to the reasonableness or appropriateness of the care rendered; and (2) the applicable statute of limitations began running with the March 4, 1996 payment of no-fault benefits to Jou, and lapsed as of March 4, 1998; and (3) Jou's September 16, 1998 request for further payment of no-fault benefits for treatment rendered to Houang was barred by the provisions of HRS § 431:10C–315(a)(2).

On June 25, 2004, Jou appealed from Commissioner Schmidt's Final Order to the Circuit Court. Jou again asserted that he was not barred by the statute of limitations because his claim was equitably tolled due to Island's failure to provide the notice of denial, and that affirming Commissioner

1. The Honorable Sabrina S. McKenna presided.

2. Down-coding describes a practice whereby insurers unilaterally change submitted claims to lower-valued codes. *Orthopedic Assoc. of Hawaii, Inc. v. Haw'n Ins. & Guar. Co., Ltd.,* 109 Hawaiʻi 185, 191, 124 P.3d 930, 936 (2005).

Schmidt's Order would result in various constitutional violations. Prior to the hearing on the matter, Jou sought to disqualify the presiding Circuit Court judge, Sabrina S. McKenna, by filing a Declaration of Stephen M. Shaw, his counsel, pursuant to HRS § 601–7.

At a hearing on January 24, 2005, Judge McKenna orally denied Jou's request for disqualification. On February 16, 2005, the Circuit Court entered an Order Affirming Commissioner Schmidt's Final Order Following Remand (**Order**). The Court held that Jou "has not met the burden of establishing that any finding of fact was clearly erroneous, and has not established the existence of any ground provided by HRS § 91–14(g) as a basis for remand, reversal, or modification of the Commissioner's Final Order." Judgment was entered on May 23, 2005.

## POINTS ON APPEAL

On appeal, Jou argues that the Circuit Court:

(1) erred in denying his request for disqualification of Judge McKenna;

(2) erred in finding that Jou's claim was time-barred because the Circuit Court wrongly concluded that equitable tolling did not apply when Island failed to issue a denial notice, in violation of HRS § 431:10C–304(3);

(3) violated Jou's due process and equal protection rights by upholding Commissioner Schmidt's Final Order;

(4) made a "regulatory taking" of Jou's claim by departing from existing law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution; and

■ (5) deprived Jou of a property right in his claim, in violation of the due process and equal protection clauses of the Hawai'i and United States Constitutions.[3]

---

3. Although we have carefully reviewed, analyzed, and considered each of Jou's twelve points of error, we have consolidated related points for the purpose of informing the parties of our disposition of the appeal. We note, for example, that Jou also raises as error that the Circuit Court

## STANDARDS OF REVIEW

The Hawai'i Supreme Court "has adopted the abuse of discretion standard for reviewing a judge's denial of a motion for recusal or disqualification." *State v. Ortiz,* 91 Hawai'i 181, 188, 981 P.2d 1127, 1134 (1999) (citations omitted).

Review of the Circuit Court's Order and Judgment is a secondary appeal. We must determine whether the Circuit Court was right or wrong in its decision, utilizing the same standards set forth in HRS § 91–14(g) as applied by the Circuit Court on our review of the agency's decision. The courts may freely review an agency's conclusions of law. Questions of fact are reviewed under the "clearly erroneous" standard. *See, e.g., Hawaii Teamsters & Allied Workers, Local 996 v. Dep't of Labor & Indus. Relations,* 110 Hawai'i 259, 265, 132 P.3d 368, 374 (2006).

Questions of statutory interpretation are questions of law, which are reviewed de novo under the right/wrong standard. *See, e.g., Lingle v. Hawai'i Gov't Employees Ass'n, AFSCME, Local 152,* 107 Hawai'i 178, 183, 111 P.3d 587, 592 (2005).

We review questions of constitutional law under the right/wrong standard. *County of Kaua'i v. Baptiste,* 115 Hawai'i 15, 25, 165 P.3d 916, 926 (2007).

## DISCUSSION

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude as follows:

### (1) *Request for Disqualification*

■ In his opening brief, Jou advances no argument supporting the request for disqualification and we deem this point of error waived pursuant to Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7). In addition, the disqualification issue in this case is identical to the disqualification issue raised

---

violated the separation of powers doctrine by upholding Commissioner Schmidt's Final Order. Jou, however, failed to articulate any discernible argument supporting this point of error; therefore, we deem this point waived. *See* Hawai'i Rules of Appellate Procedure Rule 28(b)(7).

in *Jou v. Schmidt,* No. 27369 (Hawai'i App. April 29, 2008)(*Jou I* ). In *Jou I,* 117 Hawai'i 477, 483, 184 P.3d 792, 797–99 (App.2008), we held that an affidavit filed by counsel does not satisfy the statutory requirement for the party seeking disqualification to attest to the disqualifying facts in accordance with HRS § 601–7 (Supp.2005).[4] We further held that there was no appearance of impropriety requiring the presiding judge's disqualification. *See Jou I,* 117 Hawai'i at 484–86, 184 P.3d at 799–801 (App.2008).

### (2) *Equitable Tolling*

■ Jou correctly argues that HRS § 431:10C–304(3) (1993)[5] applies to Island's reduced or partial payment of billing charges submitted. *See Jou I,* 117 Hawai'i 477, 184 P.3d 792, 801–03 (App.2008) (citing *Orthopedic Assoc. of Hawaii, Inc. v. Haw'n Ins. & Guar. Co., Ltd.,* 109 Hawai'i 185, 196, 124 P.3d 930, 941 (2005)). Island violated the notice requirement under HRS § 431:10C–304(3) when it failed to provide notice of denial after making a reduced or partial payment on Jou's claim.

■ We nevertheless reject Jou's argument that his claim is timely because Island's violation of the notice requirement under HRS § 431:10C–304(3)(1993) tolled the applicable statute of limitations set forth in HRS § 431:10C–315 (1993).[6] That statute provided, in relevant part:

### § 431:10C–315 Statute of Limitations.

(a) No suit shall be brought on any con-

---

4. When Jou's request for disqualification was made, HRS § 601–7 (Supp.2005) provided:

   **Disqualification of judge; relationship, pecuniary interest, previous judgment, bias or prejudice.**

   (a) No person shall sit as a judge in any case in which:

   (1) The judge's relative by affinity or consanguinity within the third degree is counsel, or interested either as a plaintiff or defendant, or in the issue of which the judge has, either directly or through such relative, a more than de minimis pecuniary interest; or

   (2) The judge has been of counsel or on an appeal from any decision or judgment rendered by the judge; provided that no interests held by mutual or common funds, the investment or divestment of which are not subject to the direction of the judge, shall be considered pecuniary interests for purposes of this section; and after full disclosure on the record, parties may waive disqualification due to any pecuniary interest.

   (b) Whenever a party to any suit, action, or proceeding, civil or criminal, makes and files an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against the party or in favor of any opposite party to the suit, the judge shall be disqualified from proceeding therein. Every such affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed before the trial or hearing of the action or proceeding, or good cause shall be shown for the failure to file it within such time. No party shall be entitled in any case to file more than one affidavit; and no affidavit shall be filed unless accompanied by a certificate of counsel of record that the affidavit is made in good faith. Any judge may disqualify oneself by filing with the clerk of the court of which the judge is a judge of a certificate that the judge deems oneself un-

able for any reason to preside with absolute impartiality in the pending suit or action.

5. At the time relevant to Jou's claim for payment, HRS § 431:10C–304 (1993) provided in part:

   For purposes of this section, the term "no-fault insurer" includes no-fault self-insurers. Every no-fault insurer shall provide no-fault benefits for accidental harm as follows:

   (3)(A) Payment of no-fault benefits shall be made within thirty days after the insurer has received reasonable proof of the fact and amount of benefits accrued, and demand for payment thereof.

   (B) Subject to section 431:10C–308.6, relating to peer review, if the insurer elects to deny a claim for benefits in whole or in part, the insurer shall within thirty days notify the claimant in writing of the denial and the reasons for the denial. The denial notice shall be prepared and mailed by the insurer in triplicate copies and be in a format approved by the commissioner. In the case of benefits for services specified in section 431:10C–103(10)(A)(i) and (ii), the insurer shall also mail a copy of the denial to the provider.

   (C) If the insurer cannot pay or deny the claim for benefits because additional information or loss documentation is needed, the insurer shall, within the thirty days, forward to the claimant an itemized list of all the required documents. In the case of benefits for services specified in section 431:10C–103(10)(A)(i) and (ii), the insurer shall also forward the list to the service provider.

6. While an insurer's failure to issue a formal denial does not, by itself, toll the statute of limitations on a record such as the one in this case, such failure may subject the insurer to potential civil penalties pursuant to HRS § 431:10C–117(b) and (c)(1993).

tract providing no-fault benefits or any contract providing optional additional coverage more than, the later of:

. . . .

(2) Two years after the last payment of no-fault benefits or optional additional benefits[.]

■ Island made its final payment to Jou on March 3, 1996. Jou did not request an administrative hearing until September 16, 1998, six months after the statute of limitations expired. In contrast to the tolling cases relied upon by Jou, the record in this case is completely devoid of evidence (1) that Jou took any action with regard to his claim until months *after* the statute of limitations expired or (2) that Island postponed or delayed its determination or otherwise lulled Jou into reasonably believing that his claim would be paid. *Cf. State Farm Mutual Auto Ins. v. Murata,* 88 Hawai'i 284, 965 P.2d 1284 (1998) and *Wright v. State Farm Mutual Auto. Ins. Co.,* 86 Hawai'i 357, 949 P.2d 197 (App.1997). Equitable relief from a statute of limitations is not available to a claimant who fails to exercise due diligence in pursuing a claim, absent conduct or representation(s) by the insurer that could reasonably lead a claimant to believe that further action would be forthcoming. *See, e.g., Hays v. City & County of Honolulu,* 81 Hawai'i 391, 917 P.2d 718 (1996); *Doherty v. Hartford Ins. Group,* 58 Haw. 570, 574 P.2d 132 (1978). Therefore, we conclude that equitable tolling is not applicable here and Jou's claim was time-barred.

### (3) *Constitutional Arguments*

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that Jou's other contentions are without merit.

### CONCLUSION

In light of the foregoing, we affirm the Circuit Court's May 23, 2005 Judgment.

