ASSOCIATION OF BEACHHOUSE OWNERS OF KIAHUNA PLANTATION, BY ITS BOARD OF DIRECTORS, Plaintiff-Appellee,
v.
RICHARD HAMLISH; LOIS HAMLISH; LARRY SEVISON; PATSY SEVISON; THOMAS HENNING, Defendants-Appellants.
No. 27063.
Intermediate Court of Appeals of Hawaii.
July 18, 2008.
On the briefs:
Richard Hamlish, Lois Hamlish, Thomas Henning, Defendants/Appellants Pro Se.
Steven K. Hisaka, David H. Karlen, (HISAKA YOSHIDA COSGROVE & CHING), for Plaintiff/Appellee.

SUMMARY DISPOSITION ORDER
NAKAMURA, Presiding Judge, LEONARD, J.; and FUJISE, J., dissenting.
Defendants/Counterclaim Plaintiffs-Appellants Richard Hamlish (Hamlish), Lois Hamlish, and Thomas Hennig (Hennig) (collectively, Appellants)[1] appeal from the November 26, 2004 Judgment and February 24, 2005 post-judgment order of the Circuit Court of the Fifth Circuit (Circuit Court)[2] in favor of Plaintiff/Counterclaim Defendant-Appellee Association of Beachhouse Owners of Kiahuna Plantation (AOBO). This appeal stems from the AOBO's adoption of rules prohibiting Appellants from storing their vehicles at the Kiahuna Plantation condominium project (Kiahuna).
After a careful review of the issues raised, arguments advanced, law relied upon, and the record in the instant case, we resolve Appellants points on appeal as follows:[3]
1. Appellants argue that the Circuit Court erred in granting AOBO's motions for summary judgment and partial summary judgment on September 29, 2004 because there were genuine issues of material fact and AOBO failed to produce a "separate statement detailing each material fact as to which [AOBO] contends that there are no genuine issues to be tried." Hawai`i Rules of Civil Procedure (HRCP) Rule 56(c)[4] does not, however, require a separate statement detailing each material fact AOBO contended was not at issue.
The only fact Appellants identify as being in dispute was whether the resident manager of Kiahuna gave Appellants unqualified permission to park their vehicles on Kiahuna property when Appellants were not in residence. As this "fact" was assumed to be true for the purposes of AOBO's motion, it was not in dispute. Appellants have failed to show that the Circuit Court erred in granting the motions for summary judgment and partial summary judgment on this basis.
2. In Appellants' second point on appeal, they argue that the Circuit Court improperly considered AOBO's Complaint for Declaratory Relief. Appellants assert that following arbitration, once there is a request for a trial de novo under HRS 514A-127(b) (Supp. 2003),[5] "the only option" is to resolve the dispute through a trial de novo. Appellants had already made a written demand for a trial de novo under HRS § 514A-127[6] when AOBO filed the instant lawsuit. However, Appellants did not initiate an action for a trial de novo. There is nothing in HRS Chapter 514A or Chapter 658A, Hawai`i's Uniform Arbitration Act, that required AOBO to make a separate demand for a trial de novo after Appellants made their demand. See HRS 514A-125 (Supp. 2003).[7]
Finally, mere notice[8] to AOBO that Appellants intended to file for trial de novo in federal district court did not divest the state court jurisdiction over this matter. Although Appellants claim that under HRS Chapter 658A they had thirty days from service of the award to file for a trial de novo, they cite only to Chapter 658A generally for this proposition and a perusal of the statute yields no such requirement.[9]
Under the circumstances of this case, AOBO did not waive its right to file this action for declaratory relief. The Circuit Court properly considered and granted summary judgment on AOBO's complaint.
3. In their third and fourth points of error, Appellants challenge the Circuit Court's order granting summary judgment in favor of AOBO on Appellants' substantive and procedural due process counterclaims. The Circuit Court granted AOBO's motion after considering the parties' arguments concerning whether the AOBO's action in this case constituted a "state action." Due process claims under the federal or state constitutions or 42 United States Code 1983 require that the action complained of constitutes a "state action." Doe v. Doe, 116 Hawai`i 323, 333, 172 P.3d 1067, 1077 (2007); see also Kekoa v. Supreme Court of Hawaii, 55 Haw. 104, 107, 516 P.2d 1239, 1242 (1973) ("Unless essentially governmental functions are involved in substance, whatever the form, the constitutional provisions that protect a citizen against arbitrary action of his [or her] government would not be applicable.") (citations omitted); Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (2001).
Appellants' reliance on Marsh v. Alabama, 326 U.S. 501, 506-07 (1946) is misplaced. Unlike the company town in Marsh, AOBO has not "assumed all the attributes of a state-created municipality," the AOBO's authority was limited by its Declaration of Horizontal Property Regime, By-Laws and HRS Chapter 514A,[10] and AOBO does not provide other typical facilities, such as schools and libraries, that a municipality would provide. Kalian at Poconos, LLC v. Saw Creek Estates Cmty., 275 F. Supp. 2d 578, 589 (M.D. Pa. 2003) (emphasis in original; citation omitted); see also Goldberg v. 400 East Ohio Condominium Ass'n, 12 F. Supp. 2d 820, 823 (N.D. Ill. 1998) ("[d]emonstrating that condominiums do certain things that state governments also do doesn't show that condominiums are acting as the state or in the state's place"); Midlake on Big Boulder Lake Condominium Ass'n v. Cappuccio, 673 A.2d 340, 342 (Pa. Super. Ct. 1996).
There is also no evidence that the State of Hawai`i "insinuated itself into a position of interdependence with" AOBO or that it coerced or significantly encouraged AOBO to amend the house rules to prohibit vehicle storage by non-resident owners. Kirtley v. Rainey, 326 F.3d 1088, 1093 (9th Cir. 2003) (internal quotation marks and citation omitted). AOBO did not act under color of law and thus, the Circuit Court properly dismissed Appellants' procedural and substantive due process counterclaims.
4. In their fifth point of error, Appellants challenge the Circuit Court's entry of summary judgment in favor of AOBO on Appellants' estoppel counterclaim. The party "invoking equitable estoppel must show that he or she has detrimentally relied on the representation or conduct of the person sought to be estopped, and that such reliance was reasonable." Doherty v. Hartford Ins. Group, 58 Haw. 570, 573, 574 P.2d 132, 134-35 (1978) (emphasis in original).
Appellants argue that they reasonably relied on the property manager's granting of permission to store their vehicles in Kiahuna parking stalls when Appellants were not in residence. Even assuming that such reliance was reasonable in the first instance, Appellants raise no factual grounds or legal arguments supporting the proposition that, ergo, it was reasonable for them to rely on this permission to permanently store their vehicles at Kiahuna. There is no genuine issue of material fact regarding the consent of Appellants, as homeowners and members of the association, to the Kiahuna By-Laws which gave the Board of Directors the power to "adopt, amend or repeal any supplemental rules and regulations governing details of the operation and use of the common elements, including without limitation the Parking areas of the Project, not inconsistent with any provision of law, the Declaration or these By-Laws." See also HRS §§ 514A-3 and 514A-13(d)(1) (1993) ("parking areas" are common elements whose use are subject to change).
5. Appellants' sixth, seventh and eighth points of error, which challenge the Circuit Court's award of attorneys' fees and costs to AOBO, are without merit. AOBO was entitled to recover its attorneys' fees and costs under the By-Laws and/or the statutory scheme governing this dispute. In addition, it does not appear that Appellants raised these arguments in the court below.[11] Thus, Appellants' arguments that AOBO was precluded from its recovering attorneys' fees are deemed waived. Price v. AIG Hawaii Ins. Co., 107 Hawai`i 106, 111, 111 P.3d 1, 6 (2005); see also Wright v. Home Depot U.S.A., Inc., 111 Hawai`i 401, 408, 142 P.3d 265, 272 (2006); Bitney v. Honolulu Police Dept., 96 Hawai`i 243, 251, 30 P.3d 257, 265 (2001).
For these reasons, the Circuit Court's November 26, 2004 Judgment and February 24, 2005 order granting AOBO's attorney's fees are affirmed.
NOTES
[1] Although Defendants/Counterclaim Plaintiffs-Appellants Larry Sevison and Patsy Sevison joined in this appeal, their August 11, 2005 motion to dismiss the appeal was granted by the Hawai`i Supreme Court on September 1, 2005.
[2] The Honorable George M. Masuoka presided.
[3] Although we find the judgment in this case to be poorly drafted, we respectfully disagree with the dissent's conclusion that it does not resolve, on its face, all claims against all parties. And, while improperly stating in one instance that judgment "will be" entered, the judgment otherwise states that judgment "is hereby" entered. Counsels are cautioned that improper drafting of a judgment may lead to dismissal of an appeal as premature, as urged by the dissent in this case, with attendant delay and additional expense.
[4] HRCP Rule 56(c) states in relevant part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
[5] Appellants requested arbitration under HRS § 514A-121 (Supp. 2003). In 2004, HRS §§ 514A-121 to 514A-127 were repealed. 2004 Haw. Sess. L. Act 164, § 26 at 813. These statutory provisions were reenacted by 2007 Haw. Sess. L. Act 244, § 2 at 751-54 and made retroactive to July 1, 2006. Id. § 12 at 759.
[6] HRS § 514A-127 (1993 & Supp. 2003) reads:

Trial de novo and appeal. (a) The submission of any dispute to an arbitration under section 514A-121 shall in no way limit or abridge the right of any party to a trial de novo.
(b) Written demand for a trial de novo by any party desiring a trial de novo shall be made upon the other parties within ten days after service of the arbitration award upon all parties.
(c) The award of arbitration shall not be made known to the trier of fact at a trial de novo.
(d) In any trial de novo demanded under subsection (b), if the party demanding a trial de novo does not prevail at trial, the party demanding the trial de novo shall be charged with all reasonable costs, expenses, and attorneys' fees of the trial. When there is more than one party on one or both sides of an action, or more than one issue in dispute, the court shall allocate its award of costs, expenses and attorneys' fees among the prevailing parties and tax such fees against those nonprevailing parties who demanded a trial de novo in accordance with the principles of equity.
(e) Any party to an arbitration under section 514A-121 may apply to vacate, modify, or correct the arbitration award for the grounds set out in chapter 658A. All reasonable costs, expenses, and attorneys' fees on appeal shall be charged to the nonprevailing party.
[7] HRS § 514A-125 states, in relevant part:

At any time within one year after the award is made and served, any party to the arbitration may apply to the circuit court of the judicial circuit in which the condominium is located for an order confirming the award. The court shall grant the order confirming the award pursuant to section 658A-22, unless the award is vacated, modified, or corrected, as provided in sections 658A-20, 658A-23, and 658A-24, or a trial de novo is demanded under section 514A-127[.]
[8] There is also no evidence in the record to support Appellants' allegations that AOBO withheld serving the complaint herein on Appellants until AOBO had been served with Appellants' 42 United States Code § 1983 complaint filed in the United States District Court, or that Hamlish and AOBO's counsel decided that the United States District Court for the District of Hawai`i was the proper forum. Appellants do not provide any authority supporting their claims nor do they provide any record cites to substantiate this claim. Under Hawaii Rules of Appellate Procedure (HRAP) Rule 28(b)(3), the opening brief must contain a "concise statement of the case, setting forth . . . the facts material to consideration of the questions and points presented, with record references supporting each statement of fact[.]" In addition, HRAP Rule 28 (b) (7 ) states that "[t]he argument, containing the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on. . . . Points not argued may be deemed waived." Thus, we decline to address the effect of any federal court lawsuit related to this matter.
[9] This claim in Appellants' opening brief also directly contradicts Appellants' position below. In his letter to AOBO on April 22, 2004, Hamlish states that "the statute does not set forth a time limit for the actual filing the action for a trial de novo."
[10] The mere fact that the AOBO is subject to HRS Chapter 514A "does not itself convert its action into that of the state." Midlake on Big Boulder Lake Condominium Ass'n v. Cappuccio, 673 A.2d 340, 342 (Pa. Super. Ct. 1996) (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 350 (1974)); Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 748 (9th Cir. 2003); see also Quail Creek Property Owners Ass'n, Inc. v. Hunter, 538 So.2d 1288, 1289 (Fla. Dist. Ct. App. 1988) ("neither the recording of the protective covenant in the public records, nor the possible enforcement of the covenant in the courts of the state, constitutes sufficient `state action' to render the parties' purely private contracts relating to the ownership of real property unconstitutional").
[11] In their opening brief, Appellants cite to AOBO's October 7, 2004 motion for attorneys fees and costs. We fail to see how this tells this court "where in the record the alleged error occurred." HRAP Rule 28(b)(4). Appellants then make an indiscernible citation to the record as to "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court[.]" Id. Appellants are cautioned that future noncompliance with the rules of court may result in sanctions.