Barry S. DISIMONE and Donald H. Steuter, Petitioners,

v.

Carol M. BROWNER, in her official capacity as Administrator of the United States Environmental Protection Agency, Respondent.

No. 96–70974.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 1997.

Decided July 31, 1997.

David S. Baron, Tucson, AZ, for petitioners.

Karen L. Egbert, United States Department of Justice, Washington, DC, for respondent.

Before: PREGERSON, FERGUSON, and KLEINFELD, Circuit Judges.

FERGUSON, Circuit Judge:

Barry Disimone and Donald Steuter ("Petitioners") filed this action against the United States Environmental Protection Agency ("EPA"), asking this court to order EPA to disapprove an Arizona State Implementation Plan and reinstate a withdrawn Federal Implementation Plan. We hold that EPA acted in disobedience of an order of this court in withdrawing the federal plan and approving a state plan and we grant the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

Following several years of unacceptably high levels of carbon monoxide in Maricopa and Pima Counties, Arizona, a citizen suit was filed against EPA for failing to perform its regulatory duties under the Clean Air Act, 42 U.S.C. §§ 7401 et seq. *Delaney v. EPA,* 898 F.2d 687 (9th Cir.1990) *cert. denied* 498 U.S. 998, 111 S.Ct. 556, 112 L.Ed.2d 563 (1990). Due to the state plan's inadequacy under the Act, this court ordered EPA to disapprove the Arizona State Implementation Plan ("state plan") it had approved for Maricopa and Pima counties and to promulgate a Federal Implementation Plan ("federal plan") consistent with its own guidelines. *Id.* at 694.

On November 15, 1990, Congress amended the Clean Air Act. Subsequently, EPA filed a motion in this court requesting the *Delaney* panel to recall its mandate and amend its judgment to allow EPA to take action on remand consistent with the new statutory scheme created by the 1990 amendments. The argument made to the *Delaney* panel was that 42 U.S.C. § 7515, the Savings Clause enacted as part of the 1990 Amendments, did not apply to the requirements mandated by *Delaney.* In addition, the EPA contended that the 1990 Amendments applied to the implementation plans required by *Delaney* and that the panel must give deference to the agency interpretation of the 1990 Amendments to the Clean Air Act. The EPA now makes the same arguments in this case. On March 20, 1991, the *Delaney* panel denied EPA's Motion to Recall Mandate and Amend Judgment. This order became final when EPA did not seek en banc review or petition the Supreme Court for a writ of certiorari. The Supreme Court had denied a petition for certiorari in regard to the first *Delaney* mandate on December 2, 1990, two weeks after the amendments to the Clean Air

Act were passed. *Reilly v. Delaney*, 498 U.S. 998, 111 S.Ct. 556, 112 L.Ed.2d 563 (1990).

Pursuant to the mandate in *Delaney*, EPA disapproved the state plan for the Maricopa and Pima county nonattainment areas and promulgated a federal plan. 56 Fed.Reg. 5458 (1991). The federal plan mandated the sale of low volatility and high-oxygen content gasoline in the Maricopa and Pima nonattainment areas. That plan also contained contingency provisions, requiring EPA to delay transportation projects and adopt measures to compensate for unanticipated emission reduction shortfalls in the event that the nonattainment areas experienced certified violations of the carbon monoxide standards during any applicable season after 1991. *Id.* at 5470. The federal plan included a timetable under which highway projects would automatically be delayed through the Department of Transportation upon final notification by EPA that additional control measures were necessary to maintain the carbon monoxide standards for the subject areas. *Id.* at 5471–72. The timetable also required that within ten months of the determination that additional control measures were needed, the EPA would issue a final rule promulgating all additional measures available to EPA which could correct the emission reduction shortfall.

The federal contingency provisions were triggered by EPA's finding of two certified violations of the carbon monoxide standard in the Maricopa nonattainment area. 58 Fed. Reg. 34,547, 34,548 (June 28, 1993). However, EPA violated the *Delaney* mandate and went ahead and interpreted the 1990 Amendments in the manner in which the *Delaney* panel had refused to do. On August 9, 1993, EPA issued an order to the Governor of Arizona, directing Arizona to submit a revision to the state plan which EPA had disapproved pursuant to *Delaney*. The Maricopa Association of Governments submitted a state plan revision in November, 1993, and an amendment to that revision on April 4, 1994, which included control and contingency measures.

On April 9, 1996, EPA proposed to rescind the federal contingency provisions in their entirety and approve the contingency provisions contained in Arizona's state plan revision. 61 Fed.Reg. 15,745 (Apr. 9, 1996). On July 28, 1996, EPA made a formal finding that the area had failed to attain the carbon monoxide air quality standards by the statutory deadline of December 31, 1995, and reclassified it as a "serious" nonattainment area, under the 1990 amendments to the Act. 61 Fed.Reg. 39,343 (1996).

On October 3, 1996, EPA took final action approving two contingency measures included in the state plan revision and rescinding the federal contingency measures. 61 Fed. Reg. 51,599 (Oct. 3, 1996).

## DISCUSSION

Petitioners challenge the EPA action approving Arizona's contingency measures and withdrawing the federal contingency plan adopted pursuant to *Delaney* on several grounds. Petitioners contend: (1) EPA violated its statutory duties by approving the state plan revision's contingency measures without acting on the remainder of the plan; (2) EPA violated 42 U.S.C. § 7515 by approving a plan that did not insure equivalent or greater emission reductions than the plan ordered by the *Delaney* court; (3) EPA violated 42 U.S.C. § 7410(*l*) by approving a plan revision which interferes with an applicable requirement concerning attainment and reasonably further progress; and (4) EPA arbitrarily and capriciously approved inadequate contingency measures. EPA argues that it acted within its statutory authority under the Clean Air Act, as amended in 1990, and that requiring adherence to the federal plan rather than allowing approval of the state plan under the amendments to the Act would be inconsistent with Congress's intent in enacting the 1990 amendments.

This court has jurisdiction under 42 U.S.C. § 7607(b)(1), which provides that a petition for review of the EPA Administrator's action in approving or promulgating any implementation plan under 42 U.S.C. § 7410, or any other final action of the Administrator which is locally or regionally applicable, may be filed only in the United State Court of Appeals for the appropriate circuit.

We hold that EPA acted contrary to a direct mandate of this court and its action violated the law of the case. In addition, EPA is collaterally estopped from claiming its action was required by the Act's statutory scheme, as amended in 1990, because the *Delaney* court denied its motion to amend the judgment to conform to those amendments.

### A. Law of the Case

■■■ Under the law of the case doctrine, "one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case." *Kimball v. Callahan,* 590 F.2d 768, 771 (9th Cir.1979). The doctrine is grounded in the need for litigation to come to an end. "An appellate court cannot efficiently perform its duty to provide expeditious justice to all 'if a question once considered and decided by it were to be litigated anew in the same case upon any and every subsequent appeal.'" *Id.* (quoting *Lehrman v. Gulf Oil Corporation,* 500 F.2d 659, 662–63 (5th Cir.1974)) (internal citations omitted). In order for the doctrine to apply, the issue in question must have been " 'decided explicitly or by necessary implication in [the] previous disposition.'" *Milgard Tempering, Inc. v. Selas Corp. of America,* 902 F.2d 703, 715 (9th Cir.1990) (quoting *Liberty Mutual Insurance Co. v. E.E.O.C.,* 691 F.2d 438, 441 (9th Cir.1982)).

■■■ In its Motion to Recall Mandate and Amend Judgment, EPA petitioned the *Delaney* panel to "allow the Agency to take action on remand consistent with the new statutory scheme created by the 1990 Amendments." That motion was denied. However, instead of acting in accordance with the *Delaney* mandate, EPA approved a state plan under the new statutory scheme. EPA violated the order of this court and violated the law of the case. This it cannot be allowed to do.

■■■ Nor should this court reexamine whether EPA should have been able to re-place the court-ordered federal contingency provisions with state provisions which allegedly conform to the requirements of the Act, as amended. "No litigant deserves an opportunity to go over the same ground twice, hoping that the passage of time or changes in the composition of the court will provide a more favorable result the second time." *Gindes v. United States,* 740 F.2d 947, 949 (Fed.Cir.1984) (quoting *United States v. Turtle Mtn. Band of Chippewa Indians,* 222 Ct.Cl. 1, 612 F.2d 517, 520 (Court of Claims 1979)). A court may have discretion to reopen a previously resolved question only where (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. *Thomas v. Bible,* 983 F.2d 152, 155 (9th Cir.1993). None of these exceptions apply in this case.[1]

■■■ Typically the law of the case doctrine is confined to decisions in the same case as the one in which it is applied. *U.S. v. Guy,* 903 F.2d 1240, 1242 (9th Cir.1990). This case is atypical because the petitioners in this case are different from the petitioners in *Delaney,* and filed a new lawsuit, separate from *Delaney.* However, both sets of petitioners were acting under the citizen suit provisions of the Clean Air Act, 42 U.S.C. §§ 7604, 7607, and both cases involve the same federal implementation plan for the same nonattainment areas. Both sets of plaintiffs are acting as private attorneys general against the same agency. We believe there is no reason the law of the case doctrine should not be invoked against EPA where the agency's argument evinces its disregard for the *Delaney* court's direct order.

As Judge Friendly explained in *Zdanok v. Glidden Co., Durkee Famous Foods Div.,* 327 F.2d 944, 953 (2nd Cir.1964),

[W]here litigants have once battled for the court's decision, they should neither be

---

1. The *Delaney* court's decision is the law of the case even though it was rendered in a summary order rather than an opinion explaining its reasoning. *See Hanna Boys Center v. Miller,* 853 F.2d 682, 685 (9th Cir.1988) (motions panel's one-sentence order constituted law of the case regarding subject matter jurisdiction because it was essential to the judgment implied by the order).

required, nor without good reason permitted, to battle for it again.

In *Zdanok,* the defendant company requested the court to reconsider an earlier decision, in which the court had interpreted the seniority provisions of a collective bargaining agreement in the plaintiffs' favor. *Id.* at 947. Although the plaintiffs in the second case were not parties to the first case, the court held that the law of the case doctrine required application of the prior contract interpretation to the new parties. The court explained that this result was warranted because it was "clear that everyone expected [the new plaintiffs'] rights to be governed by the court's interpretation of the contract" in the original test case. *Id.* at 953.

Similarly, the fact that different citizen petitioners brought the present suit need not preclude application of the law of the case doctrine because both suits were brought against the same agency, about the same issue, and on behalf of the same citizen population. Here, as in *Zdanok,* everyone expected the new petitioners' rights to be governed by our decision in *Delaney.* Because the doctrine of the law of the case " 'does not rigidly bind a court to its former decisions, but is only addressed to its good sense,' " it applies to bar EPA's argument in this case. *Zdanok* 327 F.2d at 952 (quoting *Higgins v. California Prune & Apricot Grower, Inc.,* 3 F.2d 896, 898 (2nd Cir.1924)).

### B. *Collateral Estoppel*

■■■■ The purposes of preclusion doctrines are to "conserve judicial resources, protect litigants from multiple lawsuits, and foster certainty and reliance in legal relations." *United States v. ITT Rayonier, Inc.,* 627 F.2d 996, 1000 (1980). A court is permitted to raise preclusion doctrines *sua sponte. McClain v. Apodaca,* 793 F.2d 1031, 1032–34 and n. 2 (9th Cir.1986). The non-mutual offensive use of collateral estoppel arises when a plaintiff seeks to foreclose a defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). "In order for collateral estoppel to apply, the issue to

be foreclosed in the second litigation must have been litigated and decided in the first case." *Starker v. United States,* 602 F.2d 1341, 1344 (9th Cir.1979).

■■■■ Here, the issue to be foreclosed is whether, in light of the 1990 amendments to the Clean Air Act, EPA was permitted to approve a state implementation plan in place of the federal plan ordered by the *Delaney* panel. In order to decide whether EPA is collaterally estopped from arguing that the amended Act authorized its withdrawal of the federal contingency measures and approval of the state plan revision's contingency measures, we must decide whether the issue presented to the *Delaney* panel and the issue facing this panel are identical, whether the issue was actually litigated and decided by the *Delaney* panel, and whether the determination of the issue was a critical and necessary part of the judgment in the earlier action. *Clark v. Bear Stearns & Co.,* 966 F.2d 1318, 1320 (9th Cir.1992).

This court has relied upon the Restatement of Judgments to guide the analysis of identity of issues. *See Starker,* 602 F.2d at 1344. The Restatement identifies four factors to be considered in such an analysis:

> (1) is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first?
>
> (2) does the new evidence or argument involve the application of the same rule of law as that involved in the prior proceeding?
>
> (3) could pretrial preparation and discovery related to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second?
>
> (4) how closely related are the claims involved in the two proceedings?

Restatement (Second) of Judgments § 27 cmt. c.

Application of these principles leads to the conclusion that the issue presented in EPA's motion to recall the mandate and the issue presented in this case are indeed identical. The arguments advanced by EPA in both cases were that requiring the continued

adherence to pre-Amendment guidelines would thwart Congressional intent and be inconsistent with the reclassification scheme introduced by the 1990 amendments. In addition, both the motion to recall the mandate and EPA's brief in this case addressed the General Savings Clause of 42 U.S.C. § 7515 as not applicable to the court's order in *Delaney*. Neither the motion nor EPA's arguments to this panel required any specialized discovery or pretrial preparation with regard to the question of the superceding effect of the 1990 amendments—rather it was a purely legal question.

In determining whether an issue was "actually litigated and determined" in an earlier adjudication, the court is "allowed to draw necessary inferences from the prior adjudication in order to determine whether an issue was actually decided." *Westinghouse Elec. Corp. v. General Circuit Breaker & Elec. Supply, Inc.,* 106 F.3d 894, 901 (9th Cir.1997). The *Delaney* panel's order denying EPA's motion to recall the mandate and amend the judgment did not explicitly address any of the arguments made in that motion. However, we may assume that the panel decided against all of the arguments presented in EPA's motion because such a determination was necessary to deny the motion. In short, the *Delaney* panel decided that the intervening change in the Clean Air Act did not warrant recalling its mandate that EPA act in accordance with its own guidelines and statutory duties as they existed prior to the amendments. These determinations were also critical and necessary to the order.

Courts are granted broad discretion to apply the doctrine of collateral estoppel. *Parklane Hosiery,* 439 U.S. at 331, 99 S.Ct. at 651–52. The Supreme Court has identified some potentially unfair circumstances that could preclude the application of offensive collateral estoppel. *Id.* (unfair circumstances include where (1) potential plaintiffs could sit on the sidelines waiting until another plaintiff has obtained a favorable judgment; (2) the second action involves substantially higher stakes than the first, or affords the defendant procedural opportunities not originally available; and (3) circumstances have changed by the time of the second suit that would affect the decision of the court). However, none of these concerns apply in this case.

First, as citizen suits, neither *Delaney* nor this case raise concerns about cautious plaintiffs waiting to apply collateral estoppel against EPA after the original judgment was found against it. Second, the stakes are no higher at this point then they were when *Delaney* was decided. In both cases, plaintiffs have sought to compel EPA to comply with the guidelines for federal implementation plans as they existed before the 1990 amendments to the Act.

In addition, the procedural opportunities available to EPA when petitioning the *Delaney* panel for a recall of mandate were not significantly less favorable to EPA such as would warrant relitigating the issue. Although the instant action did provide the opportunity for oral argument, EPA informed the *Delaney* panel of the impending amendments to the Clean Air Act and had the opportunity to address its concerns through oral argument at that time. *Delaney,* 898 F.2d at 690. In addition, the order denying EPA's motion for recall of the mandate was accepted by EPA as a final order. After the *Delaney* panel denied its motion to recall the mandate and amend the judgment, EPA did not petition for a rehearing en banc by this court or for certiorari by the Supreme Court. Had it done so, EPA would have had full opportunity to brief and argue its position at that time. The fact that it chose not to does not render the former case inappropriate for application of collateral estoppel. To hold otherwise would mean that any final order would lose preclusive effect if the losing party failed to appeal or seek further review and the exception would swallow the rule.

## CONCLUSION

For the foregoing reasons, the Petition for Review is GRANTED.