142 F.3d 443
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victoria FECHTER; Tordis Fechter; Dr. Harry R. Fechter,
Plaintiffs-Appellants,
and
Thor Fechter, Plaintiff,
v.
Dr. Diane S. GOEBEL; Walter McAbee; Tim O'Brien; Richard
Bohlmann, Defendants-Appellees,
and
Jana (Cologna) Shiroky; Lisa Cologna; Nick Cologna;
Bonnie Supin; Judge Miriam Shearing; Robert J. Miller;
Frankie Sue Del Papa; Jerry Griepentrog-Carlin; Laurel
Swetnam; Gary E. Gowen; Referee-Judge Terrance Marren;
Marcie Cherik; Dawn Hardy; Ramona Farmer; Judge
Francis-Ann Fine; Dr. Elizabeth Richitt; Bruce I. Shapiro,
Defendants.
 No. 96-16470.
D.C. No. CV-93-00345-PMP/RJJ.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 23, 1998.
 
 1
 Appeal from the United States District Court for the District of Nevada, Philip M. Pro, District Judge, Presiding.
 
 
 2
 Before BRUNETTI, RYMER and T.G. NELSON, Circuit JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 Victoria Fechter and her grandparents, Tordis and Harry Fechter, appeal pro se the district court's denial of their motion to set aside the "Order For Examination of Judgment Debtor." We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 5
 In their motion to set aside, the Fechters argue that the district court lacked jurisdiction to award attorneys' fees to defendant Dr. Diane S. Goebel because jurisdiction had vested in the court of appeals. This contention lacks merit.
 
 
 6
 We review de novo a district court's ruling on a motion to set aside a judgment as void because the question of the validity of the judgment is a legal one. See Export Group v. Reef Indus., Inc., 54 F.3d 1466, 1469 (9th Cir.1995).
 
 
 7
 In this case, the district court entered judgment on Goebel's request for attorneys' fees after this court's mandate issued. Because the issuance of the mandate terminates appellate jurisdiction, see SEC v. American Capital Invs., Inc., 98 F.3d 1133, 1145 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 1468, 137 L.Ed.2d 681 (1997), the district court did not act beyond its jurisdiction by awarding attorneys' fees to Goebel. To the extent the Fechters' argue that the district court lacked jurisdiction to award attorneys' fees because this court's mandate had not yet issued, we note that the district court retains jurisdiction to award attorneys' fees after a notice of appeal has been filed and before this court's mandate has issued. See Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956 (9th Cir.1983). Accordingly, the district court did not err by denying the Fechters' motion to set aside the "Order for Examination of Judgment Debtor." See Export Group, 54 F.3d at 1469.
 
 
 8
 To the extent the Fechters attempt to reassert their constitutional claims, we conclude that relitigation of these claims is barred by the law of the case doctrine. See Disimone v. Browner, 121 F.3d 1262, 1266 (9th Cir.1997).
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4. Accordingly, appellants' request that no oral argument be entertained is granted
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Appellees' requests for attorneys' fees on appeal pursuant to 42 U.S.C. § 1988 are denied. See Franceschi v. Schwartz, 57 F.3d 828, 832 (9th Cir.1995) (per curiam)