INDUSTRIAL PROFESSIONAL & TECHNICAL WORKERS INTERNATIONAL UNION, SIUNA AFL–CIO, Petitioner–Appellee,

v.

WORLDTEC GROUP INTERNATIONAL, Respondent–Appellant.

Industrial Professional & Technical Workers International Union, SIUNA AFL–CIO, Petitioner–Cross–Appellant,

v.

Worldtec Group International, Respondent–Appellee.

Nos. 00–55450, 00–55479.

D.C. No. CV–99–09248–CRM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Nov. 29, 2001.

Before GOODWIN, WALLACE and THOMAS, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to except as may be provided by Ninth Circuit Rule 36–3.

## AMENDED MEMORANDUM *

Worldtec Group International, Inc. ("WGI") appeals a decision of the district court confirming an arbitration award granted in favor of the Industrial Professional and Technical Workers International Union, SIUNA, AFL–CIO ("the Union"). The Union cross-appeals the order of the district court holding that its confirmation order was not an injunction that should have been enforced through the court's contempt powers. We affirm the district court. Because the parties are familiar with the factual and procedural history of the cases, we will not recount it here.

### I

WGI's primary argument on appeal is that it was under no obligation to submit to arbitration. WGI argues that the Union had disclaimed its interest in representing WGI employees through a letter the Union's president sent to a third party indicating that the Union had "decided to have another union come in and take over the contract."

WGI's contention is precluded by collateral estoppel. Under the doctrine of collateral estoppel, a court's decision on an issue of fact or law necessary to its judgment precludes relitigation of that issue in different causes of action filed against the same party. *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir.2000). Federal law governs the collateral estoppel effect of a case decided by a federal court. *Fireman's Fund Ins. Co. v. International Mkt. Place*, 773 F.2d 1068, 1069 (9th Cir. 1985).

Collateral estoppel applies only where it is established that (1) the issue

necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding. *Hydranautics*, 204 F.3d at 885.

■ In cause no. CV 99–02057 CRM (MANx), a case to which WGI was a party, the district court explicitly considered and rejected the argument that WGI asserts in this litigation. A judgment was entered on the merits finding that the Union did not disclaim its interest in representing WGI employees. WGI elected not to appeal the court's order. Thus, WGI is precluded by collateral estoppel from reasserting the identical argument in this appeal. *United States v. Munsingwear*, 340 U.S. 36, 38, 71 S.Ct. 104, 95 L.Ed. 36 (1950); *Disimone v. Browner*, 121 F.3d 1262, 1268 (9th Cir. 1997).

## II

■ The Union cross-appeals the district court's order in cause no. CV–00–09248 CRM (MANx) refusing to award the Union attorneys' fees. The District Court's finding that WGI did not act in bad faith was not clearly erroneous. Thus, the court did not abuse its discretion in refusing to award attorneys fees in appeal no. 00–55092.

## III

The district court's order is AFFIRMED. The motion for attorneys' fees is denied. Each party shall bear its own costs with respect to the cross-appeal.

AFFIRMED