MEMORANDUM**
Ronald D. Swanson and his wife Dixie C. Swanson appeal pro se the district court’s judgment affirming the bankruptcy court’s findings of fact and conclusions of law following a bench trial. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court’s decision, and we review de novo the bankruptcy court’s conclusions of law and for clear error its findings of fact. Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210,1213 (9th Cir.2002). We affirm.
This appeal arises from an adversary proceeding commenced by the Chapter 7 Trustee of debtors RaeJean Bonham and her two shell corporations, World Plus, Inc. CWPI”) and Atlantic Pacific Funding Corporation (“APFC”), through which Bonham operated a Ponzi scheme. The Chapter 7 Trustee alleged that the Swan-sons accepted payments from APFC that constituted fraudulent conveyances. The bankruptcy court found that the Swansons had not acted in good faith, and therefore ordered that they repay the amount of the fraudulent conveyances.
The Swansons’ principal contention is that the substantive consolidation of Bonham’s personal bankruptcy estate with WPI and APFC was erroneous. This contention is precluded by Alexander v. Compton (In re Bonham), 229 F.3d 750, 763-71 (9th Cir.2000), in which we affirmed the bankruptcy court’s substantive consolidation order. See Disimone v. Browner, 121 F.3d 1262, 1266 (9th Cir.1997) (applying law of the case doctrine even though petitioners were not parties to the earlier litigation). The Swansons’ contention that they are not liable for fraudulent conveyances because they are lenders not investors fails for the same reason. See id.
The bankruptcy court’s conclusion that the Swansons did not act in good faith is not clearly erroneous. For example, at the bench trial, the Swansons admitted that they did not undertake any investigation of Bonham or her corporations, and that they did not understand her business. See Hayes v. Palm Seedlings Partners-A (In re Agric. Research & Tech. Group, Inc.), 916 F.2d 528, 536 (9th Cir.1990).
The district court properly concluded that the Chapter 7 Trustee timely commenced this adversary proceeding against the Swansons within two years of the entry of the order for relief. See 11 U.S.'C. § 546(a)(1)(A). In addition, the district court correctly held that the Trustee was empowered to avoid the fraudulent transfer under Alaska law because the transfer occurred within six years of the filing of *304 the Chapter 7 bankruptcy petition. See 11 U.S.C. § 544(b)(1) (authorizing trustee to avoid conveyances voidable under applicable state law); Alaska Stat. § 34.40.010 (defining void conveyances); Johnson v. Baum, No. S-10073, 2002 WL 31097682, at *4 & n. 15 (Alaska Sept. 18, 2002) (applying six-year statute of limitations of former Alaska Stat. § 09.10.050 to claim that accrued before August 7,1997).
The Swansons lack standing to object to other allegedly inappropriate conduct by the Trustee and his counsel, including dismissal of Bonham’s personal civil rights lawsuit against a television station, retention of co-counsel, and receipt of “kickbacks.” See Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442-43 (9th Cir.1983).
There is no support in the record for the Swansons’ contention that the bankruptcy judge forced them to engage in settlement negotiations with the Trustee. Similarly, the Swansons failed to show that they were prejudiced by the bankruptcy court’s denial of their attorney’s request to withdraw and their motion for a continuance to find a new attorney, both made on the eve of trial.
The Swansons’ remaining contentions lack merit.
We grant the Swansons’ motion to file a late reply brief and motion to file an oversized reply brief. The clerk shall file the brief received on October 29, 2002.
We grant the Trustee’s motion to supplement the record on appeal.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.