**In re: Charles C. MCCARTHY, Debtor,**

Fed. R.App. P. 34(a)(2).

v.

Nazar Ashjian, Jr., Appellee.

No. 02–56824.

D.C. No. CV–02–03588–JFW.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 2, 2004.*

Decided Feb. 12, 2004.

Henry T. Heuer, Prince & Heuer, Los Angeles, CA, for Appellant.

Nazer Ashjian, Jr., Encino, CA, for Appellee.

Before KOZINSKI, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM**

The California Supreme Court's disciplinary decision establishes the breach of fiduciary duty that Appellant McCarthy now seeks to deny. *See McCarthy on Discipline,* 2002 Cal. LEXIS 8763, at *1 (Cal. Dec. 11, 2002); *In re Charles Connell McCarthy,* 2002 Calif. Op. LEXIS 2, at *1– 2 (Cal.Rev.Dept. Apr. 15, 2002). McCarthy is thus estopped from challenging the non-dischargeability of his obligation to Ashjian. *See Mehdi Imen v. Glassford,* 201 Cal.App.3d 898, 901, 247 Cal.Rptr. 514 (1988) (according preclusive effect to state administrative licensing proceeding); *see*

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*also Disimone v. Browner,* 121 F.3d 1262, 1267 (9th Cir.1997) ("A court is permitted to raise preclusion doctrines sua sponte."). Accordingly, we need not decide what effect the California courts would accord to the municipal court judgment that was the subject of the bankruptcy court's decision.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit, except as provided by Ninth Circuit Rule 36–3.