UNIVERSAL TRADING & INVESTMENT COMPANY, INC., Plaintiff–Appellant,

v.

Petro Mikolayevich KIRITCHENKO, et al., Defendants–Appellees.

No. 07–16873.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2009.

Filed Sept. 24, 2009.

John H. Aspelin, Esquire, Aspelin & Bridgman, LLP, Jeffrey A. Needelman, Esquire, San Francisco, CA, Daniel Joseph Koes, Esquire, Brown Shenoi Koes, LLP, Pasadena, CA, George A. Lambert, Esquire, Law Office Lambert and Associates, Washington, DC, for Plaintiff–Appellant.

Tracy M. Clements, Esquire, Stanley G. Roman, Esquire, Krieg Keller Sloan Reilley & Roman, LLP, Doron Weinberg, Weinberg & Wilder, Garrick S. Lew, Esquire, Law Office of Garrick S. Lew, Michael George Wah Lee, Esquire, Attorney at Law, Christopher Cannon, Sugarman & Cannon, San Francisco, CA, Allan L. Schare, Gordon Alan Greenberg, Esquire, McDermott Will & Emery, Los Angeles, CA, Robert E. Levy, Esquire, Scarinci & Hollenbeck, LLC, Lyndhurst, NJ, Daniel Horowitz, Esquire, Law Office of Daniel Horowitz, Lafayette, CA, for Defendants–Appellees.

Before: TROTT and BEA, Circuit Judges, and CONLON,* District Judge.

MEMORANDUM **

Universal Trading & Investment Co. ("UTI") appeals the district court's order granting summary judgment in favor of defendants. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the district court's determination regarding standing, as well as the district court's interpretation of foreign law. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir.2009); *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir.1995). We affirm.

UTI's only possible basis of standing was as the assignee of claims belonging to Ukraine, and UTI bore the burden of proving the assignment's validity. *Britton v. Co-op Banking Group*, 4 F.3d 742, 746 (9th Cir.1993). The district court did not err in concluding the assignment was invalid under Ukrainian law. The purported assignment of claims by Ukraine was a sham created only to overcome defendants' initial challenge to UTI's standing. Even were it not, UTI failed to prove the assignment was valid under Ukrainian law. UTI failed to prove a deputy prosecutor general had the authority to assign the rights of the Ukrainian government against Kiritchenko and Lazarenko to UTI. UTI has also failed to demonstrate that the assignment constitutes the act of a foreign sovereign power; the act of state doctrine is therefore inapplicable. *See Liu v. Republic of China*, 892 F.2d 1419, 1432 (9th Cir.1989) ("The burden of proving acts of

* The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

state rests on the party asserting the applicability of the doctrine").

We have considered the other issues raised by UTI in its opening brief and reject them as meritless. Issues raised for the first time in UTI's reply brief are waived.[1] *Bazuaye v. INS,* 79 F.3d 118, 120 (9th Cir.1996).

**AFFIRMED.**

---

1. Appellees' motion to strike portions of UTI's reply brief is denied as moot. UTI's motion for this court to take judicial notice of three certified Ukrainian court decisions is granted.

