NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RENU MADHAR; SANTOKH
MADHAR,

 Petitioners,

 v.

ERIC H. HOLDER, Jr., Attorney General,

 Respondent.

No. 08-74276

Agency Nos.   A072-683-740
                        A072-683-739

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:        CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

 Renu Madhar and Santokh Madhar, natives and citizens of India, petition for

review of the Board of Immigration Appeals' ("BIA") order denying their motion

to reopen removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We

---

 [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying the Madhars' motion to reopen where the motion was filed almost three years after the BIA's final administrative order, *see* 8 C.F .R. § 1003.2(c)(2), and the Madhars failed to demonstrate changed circumstances in India to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 987 (new evidence "must be 'qualitatively different' from the evidence presented at the previous hearing"); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (underlying adverse credibility determination rendered evidence of changed circumstances immaterial).

Contrary to the Madhars' contention, the BIA adequately considered the evidence presented with the motion to reopen. *See Najmabadi*, 597 F.3d at 990-91 (BIA must consider issues raised and announce its decision in a manner sufficient for reviewing court to perceive that it has heard and thought and not merely reacted).

To the extent the Madhars attempt to challenge the agency's underlying credibility determination, we decline to review this claim because this court already decided the issue in *Madhar v. Gonzales*, 221 F. App'x 645 (9th Cir.

08-74276

2007). *See Disimone v. Browner*, 121 F.3d 1262, 1266 (9th Cir. 1997) (under law of the case doctrine, one panel of an appellate court will not reconsider questions that another panel has decided on a prior appeal in the same case).

**PETITION FOR REVIEW DENIED**.