NOT FOR PUBLICATION

NOV 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNIVERSAL TRADING & INVESTMENT CO., INC., | ) ) ) | No. 10-17706 |
| Plaintiff – Appellant, | ) ) | D.C. No. 3:99-cv-03073-MMC |
| v. | ) ) | **MEMORANDUM**<sup>*</sup> |
| PETRO MIKOLAYEVICH KIRITCHENKO, AKA Petro Kirechenko, AKA Petr Kiretchenko, AKA Peter Kirichenko, AKA Petr Kirichenko, AKA Petr Petro Mikolayev Kirichenko, AKA Peter Kiritchenko, AKA Petro Kiritchenko, AKA Petro Kyrchenko; IZABELLA KIRITCHENKO, AKA Izabella Kirichenko; PAVLO IVANOVICH LAZARENKO, AKA Paul Lazarenko, AKA Pavel Lazarenko; TAMARA PETROVNA LAZARENKO, AKA Tamara Lazarenko; BANCROSS U.S. HOLDINGS, INC., a California corporation; XANADU PROPERTY HOLDINGS, LLC, a California limited liability company; BRC PROPERTY HOLDINGS, LLC, a California limited liability company; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

DUGSBERY, INC., a California )
corporation; LUDMILA )
KIRITCHENKO, AKA Lyudmila )
Kiritchenko; ALEX LIVERANT; )
MICHAEL MENKO; BANCROSS )
(CAYMAN) LTD; BANCROSS )
LTD, an Isle of Man corporation; )
EUROFED BANK LIMITED, )
erroneously sued as European )
Federal; ABS ENTERPRISES LTD; )
JOHNNY E. JOHNSON; )
SELECTIVE ASSETS LTD, a )
British Virgin Islands corporation; )
ORBY INTERNATIONAL LTD, )
a British Virgin Islands corporation; )
TORQ DEVELOPMENT )
CORPORATION, a California )
corporation; LADY LAKE LTD, an )
Antiqua and Barbuda corporation; )
NEMURO INDUSTRIAL GROUP )
LTD, an Antiqua and Barbuda )
corporation; FAIRMONT GROUP, )
LTD, an Antiqua and Barbuda )
corporation; FIRSTAR SECURITIES )
LTD, an Antiqua and Barbuda )
corporation; GUARDIAN )
INVESTMENT GROUP LTD, an )
Antiqua and Barbuda corporation; )
ABS TRADING INC., a California )
corporation, AKA ABS )
Enterprises, Inc., DBA ABS )
Trading Co., Inc. )
 )
      Defendants – Appellees. )
 )

Appeal from the United States District Court

2

for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Submitted November 6, 2012[**]
San Francisco, California

Before:    FARRIS, FERNANDEZ, and BYBEE, Circuit Judges.

Universal Trading & Investment Company ("UTICo") appeals the district court's denial of its motion for relief from judgment[1] and the district court's order that certain parties[2] could recover on UTICO's attachment bonds.[3]  We affirm.[4]

Initially, we note that the district court's previous decision (Kiritchenko I) on summary judgment was affirmed by us in Universal Trading & Investment Co., Inc. v. Kiritchenko (Kiritchenko II), 346 F. App'x 232 (9th Cir. 2009).  Our decision in that case had two bases.  As we stated: "The purported assignment of claims by Ukraine was a sham . . . .  Even were it not, [UTICo] failed to prove the

---

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[1]See Fed. R. Civ. P. 60(b).

[2]Petro Kiritchenko, Ludmila Kiritchenko, Bancross U.S. Holdings, Inc., BRC Property Holdings, LLC, and Xanadu Property Holdings, LLC.

[3]See Cal. Civ. Proc. Code § 490.020.

[4]As shown in the caption, Petro Kiritchenko and a number of other persons and entities were named as Appellees in this matter.  For convenience, we will refer to "Kiritchenko" in our decisions of the issues when what we say regarding the issues as to him applies to the other Appellees as well.

3

assignment was valid under Ukrainian law." Kiritchenko II, 346 F. App'x at 232.

UTICo fails to present an argument regarding the first ground in Kiritchenko II, even though Kiritchenko did raise the issue in the answering brief.  Our decision in Kiritchenko II is the law of the case.  See Disimone v. Browner, 121 F.3d 1262, 1266 (9th Cir. 1997); see also Gonzalez v. Arizona, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc).

UTICo fares no better on the alternative ground.  It sought relief from the judgment in Kiritchenko I on the basis that one of the decisions[5] by the courts in the Ukraine, which the district court had previously referred to as offering further support for its decision in Kiritchenko I, had been set aside and the case was terminated upon a request by Lazarenko.  We disagree.  Neither the district court's decision in Kiritchenko I, nor ours in Kiritchenko II, depended upon the prior Ukranian judgments,[6] nor, under federal res judicata law,[7] can it be said that the

---

[5]There were two decisions: one in favor of Petro Kiritchenko and one in favor of Lazarenko.

[6]See Rule 60(b)(5); Tomlin v. McDaniel, 865 F.2d 209, 210–11 (9th Cir. 1989), declared overruled on other grounds, Phelps v. Alameida, 569 F.3d 1120, 1132 (9th Cir. 2009).  The mere fact that a "prior case provides a precedent for the later one is not sufficient."  Id. at 211.

[7]The parties rely on federal law; so shall we.  On this record, foreign law is presumed to be the same as the law of the United States.  See MCA Inc. v. United States, 685 F.2d 1099, 1103 n.12 (9th Cir. 1982); United States v. Westinghouse

(continued...)

4

later Ukrainian decision was a consent decree,[8] or a judgment on the merits.[9]

Furthermore, UTICo has not shown that some extraordinary circumstance[10] requires relief here because it has neither demonstrated that it will suffer a manifest injustice[11] if relief is not granted, nor demonstrated that Kiritchenko somehow perpetrated a fraud on the court.[12] Nor has UTICo demonstrated that the judgment in Kiritchenko I (affirmed in Kiritchenko II), is void. See Rule 60(b)(4); United Student Aid Funds, Inc. v. Espinosa, __ U.S. __, 130 S. Ct. 1367, 1377, 176 L. Ed. 2d. 158 (2010); Thomas, Head & Greisen Emps. Trust v. Buster, 95 F.3d 1449, 1460 n.17 (9th Cir. 1996).

---

[7](...continued)
Elec. Corp., 648 F.2d 642, 647 n.1 (9th Cir. 1981).

[8]See Rufo v. Inmates of Suffolk Cnty. Jail, 502 U.S. 367, 378, 112 S. Ct. 748, 757, 116 L. Ed. 2d 867 (1992); Gates v. Shinn, 98 F.3d 463, 468 (9th Cir. 1996).

[9]See Fed. R. Civ. P. 41(a) (voluntary dismissal is without prejudice); Cadkin v. Loose, 569 F.3d 1142, 1150 (9th Cir. 2009) (same); Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 501–06, 121 S. Ct. 1021, 1025–27, 149 L. Ed. 2d 32 (2001) (claim preclusion); Gospel Missions of Am. v. City of L.A., 328 F.3d 548, 555 (9th Cir. 2003) (same); Segal v. Am. Tel. & Tel. Co., Inc., 606 F.2d 842, 845 n.2 (9th Cir. 1979) (per curiam) (issue preclusion).

[10]See Rule 60(b)(6).

[11]See Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006).

[12]See United States v. Estate of Stonehill, 660 F.3d 415, 445 (9th Cir. 2011); Levander v. Prober (In re Levander), 180 F.3d 1114, 1119 (9th Cir. 1999).

Thus, the district court did not err when it denied Rule 60(b) relief.[13]

UTICo also asserts that the district court erred when it allowed recovery on the bonds that UTICo posted in order to attach assets of its opponents. We disagree. Under the law of California,[14] the attachments were wrongful,[15] and recovery on the bonds was proper.[16] UTICo's assertion that a separate bond trial was required is otiose.[17]

AFFIRMED.

---

[13]We have not overlooked UTICo's assertion that the district court erred in not granting it discovery. However, because its briefs do not provide reasoned argument with citations to authorities, we deem the issue waived. See Fed. R. App. P. 28(a)(9); United States v. Graf, 610 F.3d 1148, 1166 (9th Cir. 2010); Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994). In any event, UTICo has failed to show how that discovery would affect the salient issues in this case—the effect of the Ukraine court decision regarding Lazarenko.

[14]See Fed. R. Civ. P. 64.

[15]See Cal. Civ. Proc. Code § 490.010(b).

[16]See id. § 490.020; Mart, Inc. v. Nat'l Auto. & Cas. Co., 250 Cal. App. 2d 772, 775–76, 58 Cal. Rptr. 877, 880 (1967).

[17]See Cal. Civ. Proc. Code § 996.440.