FILED

NOT FOR PUBLICATION

NOV 07 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re:  MICHAEL DYLAN HENSHAW; KIMBERLY HENSHAW,<br><br>Debtors,<br><br>------------------------------<br><br>PHILIP DANIEL HENSHAW; BARBARA WRESSEL HENSHAW,<br><br>Debtors-Appellants,<br><br>v.<br><br>DANE S. FIELD, Trustee of the Bankruptcy Estate of Michael Dylan Henshaw and Kimberly Henshaw,<br><br>Trustee-Appellee. | No. 14-15269<br><br>D.C. No. 1:13-cv-00388-DKW-KSC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted October 19, 2016
Honolulu, Hawaii

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: WALLACE, FARRIS, and WATFORD, Circuit Judges.

Appellants Philip and Barbara Henshaw (Henshaw Parents) appeal from the district court's order affirming the bankruptcy court's dismissal of their counterclaim for reformation. We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1), and we reverse and remand.

"We review the district court's decision on appeal from a bankruptcy court order de novo." *Dreyfuss v. Cory* (*In re Cloobeck*), 788 F.3d 1243, 1245 (9th Cir. 2015). The bankruptcy court's legal conclusions are reviewed de novo, and its factual findings are reviewed for clear error. *Id.* The availability of collateral estoppel is a mixed question of law and fact that is reviewed de novo. *Town of N. Bonneville v. Callaway*, 10 F.3d 1505, 1508 (9th Cir. 1993).

The Henshaw Parents argue that the bankruptcy court incorrectly held that collateral estoppel bars their counterclaim for reformation. Under federal law, collateral estoppel is available only when the contested issue is "identical to the one alleged in the prior litigation." *Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996), *quoting Callaway*, 10 F.3d at 1508. Four factors are relevant to this analysis: (1) whether there is "substantial overlap" in the arguments or evidence advanced in the first and second proceedings; (2) whether new evidence or argument requires application of a different rule of law; (3) whether the pretrial

2

preparation and discovery during the first action could "reasonably be expected to have embraced the matter sought to be presented in the second"; and (4) how closely related the claims in the different actions are. *Disimone v. Browner*, 121 F.3d 1262, 1267 (9th Cir. 1997), *quoting* Restatement (Second) of Judgments § 27 cmt. c.

None of these factors supports applying collateral estoppel to the Henshaw Parents' counterclaim. Applying factor one, in the first action the Henshaw Parents argued that the deed's creation of a joint tenancy did not necessarily transfer equal ownership interests. In their counterclaim, the Henshaw Parents argue that the deed ought to be reformed because its transfer of equal ownership interests does not reflect their intent. Furthermore, they will now be able to present the extrinsic evidence of that intent that the bankruptcy court excluded in the first action. *See Lee v. Aiu*, 85 Haw. 19, 31, 936 P.2d 655, 667 (Haw. 1997).

As to the second factor, this new evidence and argument will require application of a different rule of law: that the deed should be reformed if, through a mutual mistake of fact, it does not conform to the parties' intent. *See Application of Mokuleia Ranch & Land Co., Ltd.*, 59 Haw. 534, 539, 583 P.2d 991, 994 (Haw. 1978).

As to the third factor, the pretrial preparation and discovery for a claim to determine the meaning of a deed creating a joint tenancy cannot reasonably be expected to encompass extrinsic evidence of the parties' intent because that evidence is not admissible in such a proceeding. *Midkiff v. Castle & Cooke, Inc.*, 45 Haw. 409, 421, 368 P.2d 887, 894 (Haw. 1962). The fact that the Henshaw Parents prepared such evidence for the first action is immaterial because this factor is based on an objective standard.

Finally, the claims are related in that they seek the same outcome, but they are premised on completely different issues—the meaning of the deed as written versus whether the deed's meaning reflects the parties' intent.

Consequently, there is no identity of issues between the two proceedings and therefore the bankruptcy court erred in applying collateral estoppel, and the district court erred in affirming that decision.

We reverse the judgment of the district court and remand with instructions to reverse the bankruptcy court's order dismissing the Henshaw Parents' reformation counterclaim.

**REVERSED and REMANDED.**